490 P.2d 433

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Joe JACOBSON, Judge of the Superior Court, Division Eleven, Respondent;**

**Wilson ROY, Jr., Real Party in Interest.**

**No. 2 CA–CIV 1096.**

Court of Appeals of Arizona,
Division 2.

Nov. 11, 1971.

Rose Silver, Pima County Atty., by James M. Howard, Deputy County Atty., Tucson, for petitioner.

Howard Kashman, Pima County Public Defender by Edward Bolding, Deputy Public Defender, Tucson, for real party in interest.

HATHAWAY, Judge.

We have granted the state's petition for special action to review a ruling of the respondent judge with respect to a jury instruction in a criminal trial. (The real party in interest is the defendant charged with unlawful sale of marijuana). Although this court, generally speaking, is loath to intervene by way of special action during the course of a trial, we were of the opinion that sufficient compelling circumstances existed here in that the state would otherwise be foreclosed, in the event of a verdict favorable to the defendant, from seeking judicial review.

The defendant requested the following instruction which the respondent judge agreed to give:

"In determining whether the defendant was a seller of narcotics, you must keep in mind the difference between dealing with a purchaser as a seller of narcotics and acting for him as a procuring agent. If you find that the defendant undertook to act in behalf of a prospective purchaser rather than in his own behalf, and in so doing purchased the drug from a third person with whom he was not associated in selling and thereafter delivered it to the buyer, the defendant would not be a seller and could not be convicted of sale of marijuana under this indictment under the aiding and abetting theory or any other theory."

The trial court had also agreed to instruct the jury on the defense theory of entrapment.

Both the defense and the prosecution have submitted respectable authority to support their respective positions as to the propriety of such instruction.[1] The defendant relies on cases such as Lewis v. United States, 119 U.S.App.D.C. 145, 337 F.2d 541 (1964), cert. den. 381 U.S. 920, 85

---

1. It has also been called to our attention that there is a dichotomy of viewpoint on the part of the trial bench of this state.

S.Ct. 1542, 14 L.Ed.2d 440 (1965); Henderson v. United States, 261 F.2d 909 (5th Cir. 1958); United States v. Prince, 264 F.2d 850 (3rd Cir. 1959); Smith v. State, 396 S.W.2d 876 (Tex.Cr.App.1965); People v. Fortes, 24 A.D.2d 428, 260 N.Y.S.2d 716 (1965); and Commonwealth v. Harvard, 356 Mass. 452, 253 N.E.2d 346 (1969).

We are not impressed with the reasoning of the federal cases since the prosecutions therein involved were for violations of dissimilar statutes. The states of Texas, New York and Massachusetts have adopted the Uniform Narcotic Drug Act, as has Arizona. A.R.S. § 36–1001, as amended, et seq. We, however, decline to follow their lead in view of the statutory definition of "sale." The term "sale" is defined therein as including barter, exchange or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee. A.R.S. § 36–1001, subsec. 10, as amended.

The appellate courts of Illinois, North Dakota and New Jersey, in construing their counterparts of the Uniform Act have held that the statutory definition of "sale" controls. See: People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959); People v. Brown, 116 Ill.App.2d 228, 253 N.E.2d 478 (1969); People v. Thigpen, 121 Ill. App.2d 341, 257 N.E.2d 493 (1970); State v. Dwyer, 172 N.W.2d 591 (N.D.1969); State v. Weissman, 73 N.J.Super. 274, 179 A.2d 748 (1962). Therefore, it is immaterial whether the person charged was acting as an agent for the purchaser, as contended by the defendant.

█ Assuming arguendo that the statutory language is susceptible of two constructions, it is our function to adopt an interpretation that will carry out the manifest objective of the legislation. State Board of Directors for Jr. Colleges v. Nelson, 105 Ariz. 119, 460 P.2d 13 (1969). It is clear that the legislative intent in this state was to eliminate illegal traffic in narcotic drugs. Our Supreme Court in passing upon the severity of sentences prescribed by the legislature, stated:

> "We note that the sale and use of narcotics has an extremely deleterious effect on individuals and upon society in general." State v. Espinosa, 101 Ariz. 474, 477, 421 P.2d 322, 325 (1966).

█ We believe that the legislative definition of the word "sale" is broader in scope than the definition usually given to it in other branches of the law. We hold, as did our three sister states,[2] that the act of a person, whether as agent for the seller or purchaser, or as a go-between in a narcotics transaction constitutes a sale.

For the foregoing reason, at the conclusion of the hearing on the petition for special action, we assumed jurisdiction and directed the trial court to refrain from giving the subject instruction.[3]

KRUCKER, C. J., and HOWARD, J., concur.

---

2. It is worthy of comment that the California courts come to a like conclusion notwithstanding their statute contains no definition of the word "sale." See People v. Richards, 198 Cal.App.2d 465, 17 Cal. Rptr. 845 (1961) and cases cited therein. The rationale of these decisions is that § 31 of West's Ann.Pen.Code, whence came our A.R.S. § 13–139, is controlling. They hold, therefore, that a mere go-between in a narcotics transaction may be convicted of unlawful sale.

3. We indicated in our order that an opinion would follow. See Rules of Procedure for Special Actions, Rule 7(d), 17 A.R.S.