495 P.2d 442

STATE of Arizona, Appellee,

v.

Alfredo GALVAN, Appellant.

No. 2200.

Supreme Court of Arizona,
In Division.

March 27, 1972.

Rehearing Denied April 18, 1972.

Gary K. Nelson, Atty. Gen. by Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Howard A. Kashman, Pima County Public Defender by Michael P. Callahan, Chief Deputy Defender, and Eleanor Schorr, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Alfredo Galvan, was charged and found guilty of two counts of unlawful sale of narcotics. The state presented evidence that one Fergursky

made purchases of heroin from the defendant on two consecutive dates with money provided by the Tucson Police Department. On each of the two days in question, Fergursky met with the police by prearrangement, was searched, and was given $15.00. Fergursky then met the defendant and, at his direction, drove him to a specified residence. The purchase money then changed hands. The defendant went into the residence and returned with a paper of heroin which he gave to Fergursky. Fergursky turned the paper over to the police.

■ The defendant presents two issues on appeal. The first one being that the trial court committed error in refusing to grant the defendant's motion to exclude the preliminary hearing testimony of the witness Fergursky. Fergursky had died between the preliminary hearing and the time of trial, and the state was permitted to introduce into evidence the testimony elicited from Fergursky during the preliminary hearing. Our Rules of Criminal Procedure permit the use at trial of the testimony of a witness who is unavailable at the time of trial, provided the court is satisfied that the inability to procure the testimony is not due to the party offering it. 17 A.R.S., Rules of Criminal Procedure, Rule 30(B). The defendant does not deny that a proper foundation was laid showing the witness's unavailability. His contention is that he was not permitted to conduct a full and adequate examination of the witness at the preliminary hearing and, therefore, the witness's testimony should have been excluded at trial. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

The Supreme Court in *Pointer* notes that a major purpose of the Sixth Amendment right to confrontation is to insure that the accused is given an opportunity to cross-examine the witnesses against him. In that case, the Court ruled that the use by the state of a transcript of a witness's testimony at a preliminary hearing, where the accused was not represented by counsel and thus unable to adequately cross-examine the witness, violated the accused's right to confrontation. The defendant in the case before us was represented by counsel at his preliminary hearing. He claims, however, that the rulings of the justice of the peace conducting the hearing inhibited the cross-examination of the witness Fergursky and operated to deny him full right to confrontation.

■ In State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960), we held:

"A defendant in a criminal prosecution has an absolute right to cross-examine an adverse witness, and if at all within the proper bounds, such right may not be unduly restrained or interfered with by the trial court." 88 Ariz. at 56, 352 P.2d at 715.

We have examined the transcript of the preliminary hearing and find that the questions asked by defense counsel were either not "within the proper bounds" or that the defendant was not prejudiced by the limitations imposed by the justice of the peace. In his brief, the defendant urges that the justice of the peace unduly restrained or interfered with the cross-examination of Fergursky when he refused to permit that witness to relate a conversation had with a Detective Sepulveda. It appears that Sepulveda was one of the officers who arranged for Fergursky to make the purchase of heroin from the defendant. The justice of the peace ruled that the statements of Sepulveda to Fergursky were inadmissible hearsay. The defendant argues that the testimony was elicited not to prove the truth or falsity of what was said, but rather to lay a foundation for the defense of entrapment. We cannot concur with this reasoning since the veracity of Sepulveda's conversation with Fergursky would have been at issue in the question of whether or not the defendant had been entrapped. It is our view that the testimony was properly excluded. Further, there is no indication that Detective Sepulveda was not available himself to be called as a witness.

■ Fergursky also was asked how many different people he had informed against on behalf of the state. Defense

counsel was obviously attempting to ascertain whether any deal had been made with the authorities on charges then pending against Fergursky. The justice of the peace sustained the objection of the state that the information sought was immaterial and irrelevant. We need not reach the question of whether error was committed in refusing to allow the witness to answer because there were other avenues by which the defendant could have approached this question. The defendant still had the opportunity to present evidence at the trial as to the number of people Fergursky had informed against; this information being available from court records and other witnesses.

In order to arrive at a conclusion that the defendant was deprived of his constitutional right to confrontation of a witness (cross-examination), we must look at the cross-examination in its entirety. The decision that the testimony of an unavailable witness is fairly presented by appropriate direct and cross-examination is within the trial court's discretion. We will interfere only when there is an abuse of that discretion. The failure of the justice of the peace to rule correctly on a few questions, however, could not be characterized as a denial of cross-examination.

As a final argument on this point, the defendant claims that he was unduly restricted in his cross-examination because of the justice of the peace's admonition that defense counsel should not repeat all the questions that were asked of Fergursky on direct examination. Following this admonition, it appears that defense counsel was permitted a rather full cross-examination. We do not find that the defendant was prejudiced by this admonition nor that the trial court abused his discretion in permitting the reading of the preliminary hearing transcript.

The second issue presented by defendant questions the trial court's denial of his motions for directed verdict made on the basis that the evidence failed to show that unlawful sale of heroin had taken place. Defendant's point seems to bottom on the contention that the defendant, if anything, was an agent of Fergursky rather than a seller to him. This contention flies in the face of A.R.S. § 36–1001(10) which defines a sale as including "barter, exchange or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." The state of Illinois has a similar definition of sale in its statute. In People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959), the Illinois court said:

> "'Sale,' as defined by the statute (Ill. Rev.Stat.1955, chap. 38, par. 192.1(10), 'includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.' We interpret the meaning of the word 'sale,' as defined by the act, to be much broader in scope than that usually given to it in other branches of the law. Admittedly, the defendant took the role of at least an agent, and the act specifically declares an agent in a narcotics transaction to be a seller. We are of the opinion that the definition shows a legislative intent that the act of a person whether as agent, either for the seller or the purchaser, or as a go-between, in such a transaction constitutes a sale." 155 N.E.2d at 580

We concur with the foregoing as being the intent of our legislature. With this interpretation in mind and viewing the evidence in a light most favorable to the state, we find that the evidence presented in this case was sufficient to warrant submission to the jury. State v. Baca, 102 Ariz. 83, 425 P.2d 108 (1967).

Judgment of conviction is affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.