503 P.2d 377

**STATE of Arizona, Appellee,**

v.

**Lee Kennard RUSSELL, Appellant.**

**No. 2340.**

Supreme Court of Arizona,
In Banc.

Nov. 21, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, and Jack McCormick, Asst. Attys. Gen., Phoenix, for appellee.

Patrick E. Eldridge, Phoenix, for appellant.

HAYS, Chief Justice.

This is an appeal from a judgment of guilt after a trial to the court on the crime of sale of a narcotic drug (heroin) in violation of A.R.S. § 36–1002.02, as amended 1961, and a sentence of not less than 15 nor more than 20 years at Arizona State Prison.

We are called upon to determine:

1. Whether, if the defendant was acting as a participant in the sale as a procuring agent of the buyer, he can be convicted of selling narcotics.

2. Whether the trial court committed reversible error when it allowed the addenda to the information to be filed which charged the defendant with the allegation of two prior convictions.

3. Whether the trial court committed prejudicial error in denying defense counsel's motion to strike the allegation of the prior conviction in Cause No. 33062 and committed reversible error by enhancing the punishment of the defendant because of the prior conviction in Cause No. 33062 as the defendant was not represented by counsel at the time of his sentencing.

The facts necessary for a determination of the matter on appeal are as follows: The defendant was tried by the court, sitting without a jury, and convicted of the crime of illegal sale of a narcotic drug (heroin) to an undercover narcotics police

officer. The defendant testified in his own behalf. On the day of the crime, several officers were working undercover for the Department of Public Safety, purchasing narcotics from narcotic violators. They were dressed like "hippies" and driving a "hippie-type, multicolored van." They told people in the area that they were looking for certain persons who had previously "burned them," meaning that they had purchased what they believed to be heroin only to find out that it was merely dirt. They used the ploy of pretending that they intended to get their money back and that they wanted revenge to justify their being in the area.

The defendant, who had previously been a police informer and a narcotics addict for eighteen years, struck up a conversation with the "hippies." One of the undercover agents was personally acquainted with the defendant and to avoid being recognized lay down in the back of the van, covered by a blanket, and pretended to be a victim of hepatitis. The other agents told the defendant that their sick friend was in need of a "fix," meaning an injection of heroin. The agents apparently also indicated that they wanted a fix for themselves. Ultimately, they drove to a tavern where the defendant informed them that he knew of an individual there from whom he could purchase some heroin for them at a price of $20.00. The agents knew that $20.00 was the going price for a single purchase of heroin. The defendant did not have any heroin on his person. At the tavern the defendant informed the agent that he would have to have $20.00 with which to purchase the heroin from a man known as "Big John" who was a known narcotics pusher in that area and from whom the same agents subsequently purchased heroin on their own. They also later arrested him.

The $20.00 was given by the agent to the defendant who then left the tavern and went around to a breezeway and returned about two or three minutes later with the heroin which he had purchased for the

agents from "Big John" later identified as John Ballinger. The defendant testified that he did not profit from the sale.

## 1. CAN THE DEFENDANT BE CONVICTED OF A SALE?

At the close of the evidence presented by the State, trial counsel for the defendant moved for an order of directed verdict of acquittal which was denied. The defendant relied on the proposition in State v. Schantz, 98 Ariz. 200, 403 P.2d 521 (1965), cert. denied, 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530, that where all elements of an offense have not been established beyond a reasonable doubt, the trial judge must direct an acquittal. The defendant sets forth a long list of cases which hold that one who acts solely as procuring agent of the buyer cannot be convicted of selling narcotics. This includes a case from United States Circuit Court of Appeals for the Ninth Circuit, Vasquez v. United States, 290 F.2d 897 (1961). The case held that the defendants, while acting only as purchaser's procuring agent, could be convicted of facilitating transportation of narcotics; but also states, "[s]ince appellants were shown to be procuring agents of a purchaser, . . . [but] were not shown to have sold narcotics to her or to have been associated with a seller, the verdicts of guilty cannot rest upon the charge of selling narcotics." 290 F.2d at 898. We differentiate that case from the one here in that Vasquez was being prosecuted under a federal statute, 21 U.S.C. § 174. We do not think that case controls in a prosecution under our own state statute for sale of a narcotic drug.

The history of the procuring agent theory was set forth in the case of United States v. Barcella, 432 F.2d 570 (1st Cir. 1970). The case held that even as to a sale in which the defendant was not shown to have received a commission, the jury could infer that he retained or received a portion of the sales price as a profit or commission from the supplier and that the question whether the defendant had been

acting solely as a procuring agent for the buyer had been properly left to the jury. In *Barcella* the defendant had been charged with selling heroin without obtaining a statutory order form as required by 26 U.S.C. § 4705(a). The case stated that:

> "The procuring agent theory is new to this circuit. So far as we can discover, it was initiated in United States v. Sawyer, 3 Cir., 1954, 210 F.2d 169, and now appears to be accepted in a majority of the circuits. *See* United States v. Winfield, 2 Cir., 1965, 341 F.2d 70 (dictum); Myers v. United States, 8 Cir., 1964, 337 F.2d 22 (dictum); United States v. Sizer, 4 Cir., 1961, 292 F.2d 596 (dictum); Vasquez v. United States, 9 Cir., 1961, 290 F.2d 897 (dictum); Kelley v. United States, 1960, 107 U.S.App.D.C. 122, 275 F.2d 10; Adams v. United States, 5 Cir., 1955, 220 F.2d 297. In essence the theory is that if the defendant, in procuring the drugs and delivering them to the recipient, acted solely as the agent of the recipient, and in no other capacity, then the delivery was the transfer by an agent to his principal of what already belonged to the principal and hence did not involve a sale, barter, exchange or gift to which section 4705(a) applies."

The State in its brief urges us to approve the decision of the Court of Appeals in State v. Jacobson, 15 Ariz.App. 604, 490 P.2d 433, which held that the defendant could be convicted of unlawful sale of marijuana even if, when the defendant obtained the marijuana, he was acting in behalf of a prospective purchaser rather than for himself, and, in so doing, purchased marijuana from a third person with whom he was not associated and, thereafter, delivered the marijuana to the purchaser. Although we agree with the State that *Jacobson, supra,* is a well-reasoned opinion which upholds the intent of our legislature, we need not look that far for our decision.

This court has already decided the question of whether a procuring agent can be convicted of a sale. In the case of State v. Galvan, 108 Ariz. 212, 495 P.2d 442 (1972), we held that there was no error in the trial court's denial of the defendant's motions for directed verdict made on the basis that the evidence failed to show that unlawful sale of heroin had taken place. We held that the contention that the defendant, if anything, was an agent of Fergursky (a government undercover narcotics officer) rather than a seller to him, flies in the face of A.R.S. § 36–1001, subsec. 10 which defines a sale as including "barter, exchange or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." We pointed out in our opinion that the State of Illinois has a similar definition of sale in its statute. In People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959), the Illinois court said:

> " 'Sale,' as defined by the statute (Ill. Rev.Stat.1955, chap. 38, par. 192.1(10), 'includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.' We interpret the meaning of the word 'sale,' as defined by the act, to be much broader in scope than that usually given to it in other branches of the law. Admittedly, the defendant took the role of at least an agent, and the act specifically declares an agent in a narcotics transaction to be a seller. We are of the opinion that the definition shows a legislative intent that the act of a person whether as agent, either for the seller or the purchaser, or as a go-between, in such a transaction constitutes a sale." 155 N.E.2d at 580.

We are well aware that the thinking expressed in *Shannon, supra,* has been rejected by other states in that circuit. [Commonwealth v. Harvard, 356 Mass. 452, 253 N.E.2d 346 (1969)], as well as in our own circuit, [State v. Schultz, 27 Utah 2d 391, 496 P.2d 893 (1972)]. However, we choose to reaffirm our decision in State v. Galvan, *supra,* as being the best interpretation of the intent of our legislature.

## 2. DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT ALLOWED THE ADDENDA TO THE INFORMATION TO BE FILED WHICH CHARGED THE DEFENDANT WITH THE ALLEGATIONS OF TWO PRIOR CONVICTIONS?

■ The defendant states that on December 30, 1970, the State filed two motions to add allegations of prior convictions as addenda to the information, and a copy of such was mailed on December 29, 1970, to counsel on appeal, Mr. Patrick Eldridge, who represented the defendant on another matter which was subsequently dismissed, and not to trial counsel for the defendant, Mr. Lynn Pearlstein, Deputy Public Defender. The reason for the mistake apparently was that it could not be determined from the record who the trial counsel was. At the hearing on the motions the defendant's counsel objected on the grounds that he had not received proper notice. The court granted the State's motion to add the allegations of prior convictions. On April 6, 1971, the defendant was arraigned on the allegations of prior convictions and the trial counsel, Mr. Pearlstein, was at that time allowed to renew his objection for the record as to their admissibility. Arizona Revised Statute § 13–1649, subsec. C, as amended, 1969, provides that the trial court may in its discretion allow the allegation of a prior conviction at any time prior to trial, provided that when the allegation is filed, the State must make available to the defendant a copy of any material obtained concerning the prior conviction. In this case, trial counsel had all available materials by the time the defendant was arraigned on the prior convictions. No move was made to quash the information. The fact that the State sent copies of the motions and evidence of prior convictions to the wrong attorney is harmless error in light of the fact that the trial attorney did receive this information at the hearing on the motions and prior to the arraignment on the priors when counsel was allowed to renew his objections. Our opinion in State v. Holman, 88 Ariz. 280, 356 P.2d 27 (1960), deals with the same situation. We find that the trial court did not abuse its discretion in allowing the allegations of prior convictions to be added to the information.

## 3. DID THE TRIAL COURT ERR IN ALLOWING A PRIOR CONVICTION FOR WHICH THE DEFENDANT WAS NOT REPRESENTED BY COUNSEL AT THE TIME OF SENTENCING?

■ The defendant argues that the trial court committed prejudicial error in denying his motion to strike the allegation of the prior conviction in Cause No. 33062 and committed reversible error by enhancing the punishment because of the same prior conviction as the defendant was not represented by counsel at the time of his sentencing thereon. At the time of trial in Cause No. 33062, the defendant was represented by counsel. However, on the day of the sentencing whereon the judgment of guilt was made against him, he was not represented by counsel according to the court's minute entry which appellant had marked as Exhibit No. 1 for identification. Unfortunately, we do not find that exhibit in the record on appeal. The State, however, concedes that the defendant was not represented by counsel at the time of sentencing in Cause No. 33062. This court has rendered a decision on this exact question in State v. Sample, 107 Ariz. 407, 489 P.2d 44 (1971). In an opinion by Justice Cameron, we held that the integrity of the verdict and the judgment of guilt are not destroyed by the fact that the defendant was not represented by counsel at the time of sentencing since he was represented by counsel at trial. Lack of counsel at sentencing invalidates only the sentence and not the conviction. It is the conviction which is being used to enhance the punishment here, according to § 13–1650 A.R.S., as amended, 1969.

For the reasons set forth above, the judgment and sentence appealed from are hereby affirmed.

STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., and HAIRE, Chief Judge, Court of Appeals, Division One, concur.

CAMERON, V. C. J., did not participate in the determination of this matter. HAIRE, C. J., Court of Appeals, Division One, sat in his stead.