505 P.2d 556

The STATE of Arizona, Appellee,

v.

Rudolph Brito BALTIER, Appellant.

No. 2466.

Supreme Court of Arizona,
In Banc.

Jan. 25, 1973.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Former Pima County Public Defender, Edward P. Bolding, Pima County Public Defender, by Albert G. Freeman, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

Defendant, Rudolph Brito Baltier, appeals from a judgment of guilt on the sale of a narcotic drug (L.S.D.) in violation of ARS § 32–1964, (now repealed and covered by other sections). Defendant was sentenced to not less than one nor more than three years in the Arizona State Prison.

Baltier presents one question on appeal: Could he, acting only as a procuring agent for the buyer, be convicted of selling dangerous drugs under ARS § 32–1964?

The facts necessary for determination of the matter on appeal are as follows: The defendant waived his right to a jury trial, was tried by the court, and was convicted of the crime of illegal sale of a dangerous drug. On February 26, 1970, two Tucson Police Department undercover agents saw defendant hitchhiking and picked him up. During the course of the conversation, defendant said he was stoned and the officers asked him if he could "turn them on" to some grass. After some discussion, Baltier directed the officers to several stops, none of which produced any marijuana. Finally, defendant took the officers to the residence of a friend who had some L.S.D. to sell. Defendant was given $10.00 by one of the officers; he handed the money to his friend who left the car and returned with five pills. The friend handed the pills to the defendant, the defendant asked if he could have one of the pills and one of the officers said, "Well, keep one."

Defendant contends that since he was acting solely as the agent of the buyer, and not as the agent of the seller, he cannot be convicted of selling dangerous drugs. "Sale" is defined in ARS § 36–1001, subsec. 10 as including:

"[B]arter, exchange or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee."

Defendant points out that both Massachusetts and Texas, which have identical "sale statutes" have interpreted them to say that a buyer or an agent for a buyer cannot be guilty of selling narcotic drugs. Smith v. State, Tex.Cr.App., 396 S.W.2d 876 (1965), Commonwealth v. Harvard, 356 Mass. 452, 253 N.E.2d 346 (1969). He points out that federal courts are committed to the proposition that an agent for the buyer is not a seller. United States v. Barcella, 432 F.2d 570 (1st Cir. 1970). We have, however, aligned ourselves with the Illinois interpretation of sale in People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578 (1959), and have held that a procuring agent can be convicted of sale. State v. Galvan, 108 Ariz. 212, 495 P.2d 442 (1972), State v. Russell, 108 Ariz. 549, 503 P.2d 377 (1972).

Conviction affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN. JJ., concur.