506 P.2d 1039

**The STATE of Arizona, Appellee,**

**v.**

**Charles Wesley ROACH, Appellant.**

**No. 2439.**

Supreme Court of Arizona,
In Banc.

March 1, 1973.

**146**

———◆———

Gary K. Nelson, Atty. Gen., Phoenix by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, former Pima County Public Defender, Edward P. Bolding, Pima County Public Defender, by Roger Auerbach, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant, Charles Wesley Roach, appeals from a judgment of guilt on two separate counts: (1) unlawful sale of a dangerous drug, seconal, in violation of ARS §§ 32–1970, subsec. B, as amended, and 32–1996, subsec. C, and (2) unlawful sale of marijuana, in violation of ARS § 36–1002.07. Defendant waived his right to a jury trial and was tried by the court. He was given two concurrent sentences of five to six years in the state prison.

Roach presents one question on appeal: Could he, acting solely as a procuring agent for the buyer, be convicted of selling dangerous drugs and marijuana?

The pertinent facts are as follows:

About 2:00 A.M. on August 20, 1970, as Roach was walking along a Tucson street, he was called over to an unmarked police car which was parked nearby. The officers said they were from out of town and one asked Roach where he could purchase some marijuana. Roach made a call for the officers but was unable to get any marijuana. The officers then tried a telephone number defendant gave them, but got no response.

Roach then directed the officers to 14th and Convent where he went into a building and returned about three minutes later. Defendant indicated that he could buy four barbiturates and one marijuana cigarette at $1.00 per pill and $1.00 for the cigarette. The officers said they wanted the dope and sent Roach back in to get it. When defendant returned with the four pills and the cigarette, one of the officers gave him a $5.00 bill. Roach took the money into the building and returned to the car. One officer had previously told the defendant they were going to Nogales and he asked if he could go along. He got into the car and some blocks later was informed that the other men in the car were police and he was under arrest.

Defendant argues that while acting as agent for the buyer, and not as agent for the seller, he cannot be convicted of sale. "Sale" is defined in ARS § 36–1001(10) as including:

"[B]arter, exchange or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee."

We must disagree with defendant's contention. Although we are aware that some states are committed to the proposition that an agent for the buyer is not a seller, Commonwealth v. Harvard, 356 Mass. 452, 253 N.E.2d 346 (1969); Smith v. State, Tex.Cr.App., 396 S.W.2d 876 (1965), Arizona has consistently aligned itself with those states which hold that a procuring agent can be convicted of a sale. State v.

Russell, 108 Ariz. 549, 503 P.2d 377 (1972); State v. Galvan, 108 Ariz. 212, 495 P.2d 442 (1972).

Conviction affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.