524 P.2d 155

**STATE of Arizona,**
**Appellee,**

v.

**Antonio JUAREZ,**
**Appellant.**

**No. 2791.**

Supreme Court of Arizona,
In Division.

July 3, 1974.

Gary K. Nelson, Former Atty. Gen.,
N. Warner Lee, Atty. Gen., by Thomas A.
Jacobs, Asst. Atty. Gen., Phoenix, for ap-
pellee.

Ross P. Lee, Maricopa County Public Defender by Richard L. Thompson, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, Antonio Juarez, was indicted, tried by jury and convicted of the offense of selling heroin, in violation of A.R.S. § 36–1002.02. He was sentenced to confinement in Arizona State Prison for a term of five years to life.

By this appeal, the appellant challenges (1) the sufficiency of the evidence to convict him of the offense charged and (2) certain remarks made by counsel for the state in closing argument.

The facts necessary for determination of the issues are that on the afternoon of July 25, 1972, Officer Paul R. Hinojos of the Phoenix Police Department, working under cover, approached Anthony Lewis, a suspected dealer in narcotics, to buy heroin. Lewis agreed to help Hinojos find some heroin. They drove around the area in Hinojos' vehicle. They stopped at several locations to no avail before spotting the appellant, Antonio Juarez, walking alone down the sidewalk.

The officer gave Lewis $40. Lewis told the officer to stay in the car while he spoke to Juarez. While Lewis and Juarez talked about ten to fifteen feet from the officer's vehicle, Hinojos saw Lewis hand the $40 to the appellant, Juarez. During this time the appellant looked toward Hinojos whose view of the scene from the car was clear and unobstructed. The appellant took a brown paper sack from his pocket, removed some objects from the bag, and shortly thereafter casually dropped them on the ground. Lewis reached down and picked them up. Lewis returned to the car, told Hinojos he had the stuff, and showed him four "papers" containing what was subsequently identified as heroin. The two men returned to Lewis' residence where Lewis took a small portion from each paper as his payment. Hinojos then left with the four papers.

Appellant's first contention is that the original indictment charged Juarez with sale of heroin to the police officer while the evidence showed, if anything, a sale to Anthony Lewis. The appellant argues that since he was charged with a sale to Officer Hinojos and no evidence existed of such a direct sale, the conviction must be reversed.

This Court has already tacitly approved the indirect method used by Officer Hinojos to gather evidence against heroin dealers, though the issue of the chain of sale has not been specifically presented until now. *See* State v. Jaramillo, 110 Ariz. 481, 520 P.2d 1105 (1974).

Evidence of a direct sale, despite the appellant's argument, is not the standard for determining violations of A.R.S. § 36–1002.02. A sale includes "barter, exchange or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." A.R.S. § 36–1001(10). A party who acts as a principal, agent, proprietor, servant, employee, or go-between may be found guilty of sale of narcotic drugs under our interpretation of the statute. State v. Galvan, 108 Ariz. 212, 495 P.2d 442 (1972); State v. Russell, 108 Ariz. 549, 503 P.2d 377 (1972); State v. Roach, 109 Ariz. 145, 506 P.2d 1039 (1973).

We believe that the facts adequately support the view that the appellant was acting as a principal in the transaction, using Lewis as an agent to sell to Hinojos. The circumstances, sustained by the record, indicate that appellant was aware of the presence of Hinojos, even if he didn't know him by name.

Appellant relies on State v. Singh, 4 Ariz.App. 273, 419 P.2d 403 (1966), for the proposition that the indictment charged a separate and distinct crime from the one that was tried—sale to the officer instead of sale to Lewis—and thus materially prejudiced the rights of appellant. The appellant was on notice of the specific

charge, and a conviction or acquittal of that charge is a bar to a prosecution for the same transaction.

The second issue raised by this appeal concerns the remarks made by the deputy county attorney in argument to the jury:

"I'll submit to you that His Honor would never allow you to deliberate on this case were it not the law that. Mr. Juarez could be included within the legal definition of sale to be a seller.

"As a legal matter, if Mr. Juarez was not a seller, as a matter of law, this would not be allowed to go to you as a jury."

While wide latitude is allowed in argument by counsel, this Court has held that suggesting in argument that the trial court would have thrown the case out if it were weak, State v. Cortez, 101 Ariz. 214, 418 P.2d 370 (1966), or that a court's refusal to direct a verdict indicates its view that the evidence justifies a recovery, Sanchez v. Stremel, 95 Ariz. 392, 391 P.2d 557 (1964), is improper.

The latter two cases are strong support for appellant's position that the remarks of the prosecutor were improper. Indeed, the state has offered no authority contra to the holdings of *Cortez* and *Sanchez*. *See generally* 127 A.L.R. 357.

"The rule observed by all members of the Bar in argument to the jury, is that it is improper to argue to the jury that the court would not have submitted the issue unless there was evidence to support it." *Sanchez*, 95 Ariz. at 395, 391 P.2d at 559.

The prosecutor's comments in this case were no more proper than were the remarks in *Cortez* and *Sanchez*.

There was no objection made to the prosecutor's statement nor motion for mistrial. The statements cannot constitute a grounds for appeal because the objection has been waived by a failure to make a timely objection. State v. Taylor, 109 Ariz.

267, 508 P.2d 731 (1973); State v. Abney, 103 Ariz. 294, 440 P.2d 914 (1968); State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955).

Judgment affirmed.

HAYS, C. J., and STRUCKMEYER, J., concur.