564 P.2d 385

The STATE of Arizona, Appellee,

v.

Orville YOUNG, Appellant.

No. 2 CA–CR 892.

Court of Appeals of Arizona,
Division 2.

Jan. 12, 1977.

Rehearing Denied March 30, 1977.

Review Denied May 10, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Rabinovitz, Minker & Dix, P.C. by S. Jeffrey Minker, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was found guilty by a jury of offering to sell marijuana in violation of

A.R.S. § 36–1002.07, was ordered to pay a $500 fine and was sentenced to five years' probation. He urges three grounds for reversal of his conviction and also attacks the length of the probationary period.

■ As to the claimed errors in the trial proceedings, we find no basis for reversal. Appellant's first contention is that the court erred in not granting his motion for a mistrial when an agent testified about a conversation concerning a separate marijuana transaction after the prosecutor had been explicitly instructed by the court to advise the witness not to mention this conversation. The in-chambers conference concerning the matter was not reported and we have no way of knowing exactly what the court's instructions to the prosecutor were.[1] The testimony was ordered stricken from the record and the jury was admonished to disregard it because counsel had been instructed not to introduce it into the case. We believe that any error was cured by the court's instruction to the jury to disregard the evidence. *Frame v. United States,* 444 F.2d 71 (9th Cir. 1971); *United States v. Belperio,* 452 F.2d 389 (9th Cir. 1971). Furthermore, after appellant testified to the effect that he had been entrapped, the court properly reversed its prior ruling, because the defense of entrapment puts predisposition and criminal intent in issue, thus allowing evidence of other transactions. *State v. Petralia,* 110 Ariz. 530, 521 P.2d 617 (1974); *State v. Vallejos,* 89 Ariz. 76, 358 P.2d 178 (1960).

■ Appellant complains of the fact that the court refused to instruct the jury that it must find him not guilty if it found that his only connection was that he acted solely at the behest of the buyers and in their interests. The trial court properly refused the instruction, because the law in this state is to the contrary. *State v. Roach,* 109 Ariz. 145, 506 P.2d 1039 (1973); *State v. Galvan,* 108 Ariz. 212, 495 P.2d 442 (1972); *State v.*

*Jacobson,* 15 Ariz.App. 604, 490 P.2d 433 (1971).

■ Appellant's complaint concerning the trial court's refusal to instruct the jury, as requested by him, concerning his credibility as a witness is equally without merit. The requested instruction was:

"In a criminal case, a defendant cannot be compelled to take the stand and testify. Whether he testifies or does not testify is a matter of his own choosing. However, when a defendant elects to take the stand and testify then he is a competent witness and you have no right to disregard his testimony merely because he is accused of a crime. When he does testify, he at once becomes the same as any other witness and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness. You have no right to disregard his testimony simply because he is a defendant."

In support of his request, appellant cited the case of *United States v. Long,* 449 F.2d 288 (8th Cir. 1971). The *Long* case, rather than supporting appellant's position, held that it was not error to refuse such instruction when a general instruction on credibility of witnesses had been given. The court indicated that it is better that a ". . . 'defendant not be singled out, . . .'" 449 F.2d at 299. Where, as here, the court properly instructed the jury on credibility of witnesses generally, the refusal to give appellant's special instruction was not error. *State v. Richardson,* 110 Ariz. 48, 514 P.2d 1236 (1973); *State v. Michael,* 103 Ariz. 46, 436 P.2d 595 (1968); *McLean v. People,* 172 Colo. 338, 473 P.2d 715 (1970); *United States v. Long,* supra.

Appellant's final contention is that the trial court was in error in its belief that the term of probation could be no less than five years. The reporter's transcript of sentencing reflects the following:

---

1. In denying appellant's motion for a mistrial, the court apparently concluded that the prosecutor had not intentionally ignored the court's instructions and that there might have been a misunderstanding as to the point in time at which the prosecutor could start in his examination concerning conversations with appellant.

"The court: As to your five years' probation, I realize the difficulty of this because of the type of business you are in. The only way that that can be handled is that if you put in a year and it is satisfactory, or any length of time, two years, three years, I don't think they can go below that because of the fact we are dealing with a felony, they can file with the Court a petition that takes you off of probation, and certainly from your record that you have, really no record, I would think it would be appropriate in your case, but that depends on you and how you work out on probation. I can't give you less than five years now. I am convinced of that. I am bound by that. Don't you agree with that?

"Prosecutor: I agree, Your Honor.

"The court: I would give less if I could but where it starts with the five years, that is where I have to go. It is too bad."

■ The court obviously was inclined to place appellant on a lesser period or probation, were it not for the fact that A.R.S. § 36–1002.07(A) specifies five years as the minimum if a prison sentence is imposed. Inasmuch as probation was not prohibited in this case by A.R.S. § 36–1002.09, we are of the opinion that the court erred in applying the five-year minimum.

A.R.S. § 13–1657(A)(1) (Supp.1973) provides:

"The court may suspend the imposing of sentence and may direct that the suspension continue for such period of time, not exceeding the maximum term of sentence which may be imposed, and upon such terms and conditions as the court determines, and shall place such person on probation, under the charge and supervision of the probation officer of the court during such suspension. One of the conditions imposed may be incarceration in the county jail for a specified period not to exceed one year."

The only limitation the statute places on the sentencing court is that the suspension of sentence not exceed the maximum term of sentence which may be imposed; no limitation is placed as to the minimum. Application of the doctrine of *expressio unius est exclusio alterius* leads one to conclude that the legislative intent was to place no bottom on the probation period. Under these circumstances, the sentencing court was in error in concluding that there was legislative authority requiring a five-year minimum period of probation.

We affirm the judgment of conviction and remand for vacating the sentence and resentencing.

HOWARD, C. J., and HATHAWAY, J., concur.