559 P.2d 308

**STATE of Idaho, Plaintiff-Respondent,**

v.

**John F. NAGEL, Defendant-Appellant.**

**No. 12125.**

Supreme Court of Idaho.

Jan. 26, 1977.

Max A. Eiden, Jr., of Clemons, Cosho, Humphrey & Samuelson, Boise, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Susan P. Mauk, Asst. Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a second conviction of operating a motor vehicle while under the influence of intoxicants. We affirm.

Defendant-appellant Nagel was charged with operating a motor vehicle while under the influence of intoxicating liquor and having been previously convicted of the same offense. Nagel was first found guilty of the operating charge after trial to a jury. Following the second portion of a bifurcated hearing, a judgment of conviction was entered. No error is assigned to that aspect of the proceeding. He was sentenced to five years imprisonment at the state penitentiary and fined $500. The court suspended the incarceration portion of the sentence except for two weeks to be served in the Ada County jail and placed him on probation for five years.

I.C. § 49–1102 provides in pertinent part:

"(a) It is unlawful and punishable as provided in paragraph (e) of this section for any person who is under the influence of intoxicating beverages to drive or be in actual physical control of any motor vehicle within this state.

\*   \*   \*   \*   \*   \*

"(e) Every person who is convicted of a violation of this section shall be punished by imprisonment in the county or municipal jail for not more than six (6) months or by fine of not more than three hundred dollars ($300) or by both such fine and imprisonment. On a second or subsequent conviction he shall be imprisoned in the state penitentiary for not more than five (5) years. \* \* \* "

■ Appellant first assigns error in the failure of the trial court to arrest judgment, arguing that the court lacked authority to sentence the defendant under the felony provisions of the statute. Appellant asserts the provisions of I.C. §§ 18–111, 18–111A and 18–111B (defining felonies and misdemeanors) require the offense at issue here to be construed as a misdemeanor. We disagree. Where, as here, a violation of a statute is punishable by imprisonment in the state penitentiary the offense is classified as a felony albeit the punishment actually imposed may be of a lesser degree. *State v. O'Dell,* 71 Idaho 64, 225 P.2d 1020 (1950). *See also, State v. Pontier,* 95 Idaho

707, 518 P.2d 969 (1974); *State v. Mooneyham,* 96 Idaho 145, 525 P.2d 340 (1974).

At trial Nagel sought to have introduced the recorded testimony of a deceased witness who had testified at a previous proceeding. The trial court refused to admit such testimony and such is assigned as error.

At the time Nagel was arrested, he was in the company of one Sweeten who was also arrested and charged with being drunk in a public place, a misdemeanor. Although the original complaint named both Nagel and Sweeten as defendants, thereafter an Information was filed against and naming only Nagel. During Sweeten's trial one William Crow testified on the activities of Sweeten during the seven or eight hours prior to his arrest. Crow's only testimony which directly bore on Nagel was that after the bar closed the trio (Nagel, Sweeten and Crow) ate a meal and "I unlocked the door and they walked to the car and that's the last I seen of them and I didn't feel that either of them were out of line to drive or be on the street or I would have probably taken them home."

■ Prior to the trial of Nagel, Crow died and his recorded testimony from the Sweeten trial was offered and rejected. Appellant argues that I.C. § 9–206 mandated the admission of that recorded prior testimony. As noted in *State v. Gish,* 87 Idaho 341, 393 P.2d 342 (1964), the parties and the issues in the prior proceedings must be the same as in the proceeding where the testimony is sought to be introduced or such testimony is not admissible as a matter of right. At the Sweeten trial, Crow's testimony was subject to searching cross-examination, however, it properly was confined to the condition of Sweeten. Parenthetically, we note that the record does not sustain the contention of the respondent State that it attempted a cross-examination of Crow as it related to Nagel but objection thereto by defendant was sustained by the court. The trial court during the Nagel trial was vested with discretion as to the admission of the previous testimony of Crow, *State v. Gal-*

*van,* 108 Ariz. 212, 495 P.2d 442 (1972), and we find no abuse of that discretion.

Judgment of conviction is affirmed.