840 P.2d 303

**STATE of Arizona, Appellee,**

v.

**Arlie G. TUBBS, Appellant.**

**No. 1 CA–CR 91–1566.**

Court of Appeals of Arizona,
Division 1, Department D.

Oct. 8, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Chief Judge.

Defendant procured crack cocaine for an undercover policeman. Though defendant did not know his buyer's identity, defendant argues on appeal that, as the officer's agent, he is statutorily exempt from prosecution. We reject this inventive argument and affirm defendant's conviction for unlawful sale of a narcotic drug.

## HISTORY

On March 21, 1991, defendant Arlie G. Tubbs flagged down an undercover police officer and entered the officer's car uninvited. When defendant asked the officer what he was looking for, the officer replied that he was looking for "a twenty rock"— twenty dollars worth of crack cocaine. Defendant led the officer to a nearby home, but was unsuccessful in finding cocaine. As they drove elsewhere, defendant questioned a man on the street and then directed the officer to a second residence. At this stop defendant found cocaine, and the

officer gave defendant twenty dollars to buy it. The officer then gave defendant a pinch of the cocaine rock as payment for procuring the drug.

The State charged appellant with sale of narcotics in violation of Ariz.Rev.Stat.Ann. ("A.R.S.") section 13–3408 (1989). At trial, defendant requested a jury instruction on A.R.S. section 13–3412(A)(4)–(5) (1989), which includes, among those exempted from conviction under section 13–3408, agents of police officers, acting within the scope of their agency and not on their own account.[1] The trial court denied defendant's request, stating that defendant was a mere go-between and not an agent of the officer within the meaning of the statute. The jury found defendant guilty of selling narcotics, and the court sentenced defendant to fifteen years imprisonment for violating section 13–3408, a class 3 felony.

## DISCUSSION

Defendant argues on appeal that the trial court erred by denying his requested jury instruction on A.R.S. section 13–3412. This is an issue of first impression. On numerous occasions, on facts identical to these, Arizona courts have upheld narcotics-sale convictions. *See, e.g., State v. Juarez*, 111 Ariz. 119, 120, 524 P.2d 155, 156 (1974); *State v. Baltier*, 109 Ariz. 96, 97, 505 P.2d 556, 557 (1973); *State v. Roach*, 109 Ariz. 145, 146, 506 P.2d 1039, 1040 (1973); *State v. Russell*, 108 Ariz. 549, 550–51, 503 P.2d 377, 378–79 (1972); *State v. Jacobson*, 15 Ariz.App. 604, 606, 490 P.2d 433, 435 (1971). In none of these cases, however, did the courts discuss the immunity provisions of section 13–3412's precursor, A.R.S. section 32–1969 (1970).

We reject defendant's argument. First, contrary to the requirements of the statute, defendant was acting "on his own account." A.R.S. § 13–3412. His purpose in the transaction was not to assist a police investigation but rather to get cash or a pinch of the drug. Second, more fundamentally, defendant was not the officer's agent at all. An agent "cannot confer authority upon himself...." *Phoenix Western Holding Corp. v. Gleeson*, 18 Ariz. App. 60, 67, 500 P.2d 320, 325–26 (1972). "Whether an agency relationship exists is a question of the intent of the principal." *Cote v. A.J. Bayless Markets, Inc.*, 128 Ariz. 438, 444, 626 P.2d 602, 608 (App.1981) (citing *Salt River Valley Water Users' Ass'n v. Giglio*, 113 Ariz. 190, 549 P.2d 162 (1976)). When defendant undertook to procure drugs for the officer, he did not become an agent but a target.[2]

When the legislature exempted police agents from conviction under section 13–3408, it did not intend to benefit persons, such as defendant, fooled by an undercover officer's disguise, who transact what they believe is an unlawful sale. As the Colorado Supreme Court said when analyzing a statute similar to ours, "the statutory exemption is available only if the person dispensing the drug is lawfully in possession of the drug and knows that he is dispensing the drug to a police officer in his official capacity." *People v. Lee*, 180 Colo. 376, 506 P.2d 136, 139 (1973).

## CONCLUSION

Because defendant was not an agent within the meaning of A.R.S. section 13–3412, the trial court correctly refused to instruct the jury on that statute.

Pursuant to A.R.S. section 13–4035 (1989), we have searched the record for fundamental error and found none. The judgment of conviction and sentence are affirmed.

GRANT, P.J., and CONTRERAS, J., concur.

---

1. A.R.S. § 13–3412 provides in part:

   A. The provisions of §§ ... 13–3405 through 13–3409 do not apply to:

   4. Officers and employees of the United States, this state or a political subdivision of the United States or this state, while acting in the course of their official duties.

   5. An employee or agent of a person described in paragraphs 1 through 4 ... while such employee [or] agent ... is acting in the course of professional practice or employment, and not on his own account.

2. There is no suggestion of entrapment.