**STATE of Alaska, Appellant,**

v.

**William BURDEN, Appellee.**

No. A–6184.

Court of Appeals of Alaska.

Dec. 12, 1997.

---

Eric A. Johnson, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Jill E. Farrell, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellee.

Before COATS, C.J., and MANNHEIMER, J., and RABINOWITZ, Senior Supreme Court Justice.*

### OPINION

MANNHEIMER, Judge.

William Burden acted as the go-between in a cocaine sale; he was indicted for third-degree misconduct involving a controlled substance (delivery of cocaine), AS 11.71.030(a)(1). Following his indictment, Burden sought dismissal of the charge. Burden pointed out that, although a purchaser of illegal drugs can be prosecuted for possession, Alaska law specifically precludes the State from charging the purchaser with sale or delivery (a higher degree of crime) under the theory that the purchaser acted as the accomplice of the seller. *See* AS 11.16.120(b)(2), discussed in more detail below.

Burden asserted that, even though he acted as a go-between in the sale of the cocaine, he was working as the agent of the purchasers, not the seller. Thus, Burden concluded, while he might be prosecuted for possession (as the accomplice of the purchasers), he could not be prosecuted for sale or delivery. The superior court adopted Burden's argument and dismissed the indictment.

Having reviewed the applicable law, we conclude that it does not matter whether Burden was acting as the agent of the purchasers or the seller; either circumstance will support Burden's indictment for delivering cocaine. We therefore reverse the superior court's decision and direct the superior court to reinstate the indictment.

American common law recognized a doctrine of statutory construction that limited the scope of accomplice and co-conspirator liability: unless a criminal statute explicitly provided otherwise, a person who cooperated in the commission of a criminal offense could not be prosecuted as an accomplice or a co-conspirator if the person's activities in aid of the offense were "an inseparable incident" of the offense. *See Gebardi v. United States,* 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932) (holding that a woman who agreed to be transported across state lines to engage in unlawful sexual intercourse could not be prosecuted for conspiracy to violate the Mann Act). The Alaska legislature has codified this common-law rule of construction in AS 11.16.120(b)(2):

> Except as otherwise provided by a provision of law defining an offense, a person is not legally accountable for the conduct of another constituting an offense if ... (2) the offense is so defined that the person's conduct is inevitably incidental to its commission.

See also the commentary to AS 11.16.120(b)(2), which is found in 1978 Senate Journal, Supp. No. 47 (June 12), p. 4.[1] Burden correctly points out that the Alaska Supreme Court has interpreted this doctrine to prohibit drug purchasers from being prosecuted or convicted as accomplices to the sale.

---

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

1. This commentary reads, in full:

   [Subsection (b)(2)] requires the legislature to decide whether the conduct inevitably incidental to a crime should be made criminal; for example, is the purchaser of sexual services guilty of prostitution? The Code does not prohibit the criminalization of such conduct[;] it merely provides that liability does not occur unless a statute specifically provides that it does.

*See Howard v. State,* 496 P.2d 657, 660 (Alaska 1972).

In the past, several courts extended the "inevitably incidental" doctrine to insulate not only the purchaser of drugs but also any other person acting on the purchaser's behalf. Under this expanded interpretation, generally referred to as the "procuring agent" or "purchasing agent" defense, a person who acted on behalf of the purchaser in arranging or accomplishing a sale of illegal drugs could not be prosecuted as an accomplice to the sale (although the person could be charged as an accomplice to the purchaser's act of possession). *See,* for example, *Long v. State,* 260 Ark. 417, 542 S.W.2d 742, 743 (1976); *State v. Baldwin,* 867 S.W.2d 358, 360 (Tenn.Cr.App.1993), and *State v. Walker,* 82 Wash.2d 851, 514 P.2d 919, 922 (1973).

Not all courts extended the doctrine this far—apparently because it is not self-evident that an illegal sale of drugs "inevitably" includes a go-between. California, for example, held that "one who acts as a go-between or agent of either the buyer or seller clearly may be found guilty ... as an aider and abettor to the seller." *People v. Edwards,* 39 Cal.3d 107, 216 Cal.Rptr. 397, 401 n. 5, 702 P.2d 555, 559 n. 5 (1985); *People v. Cattaneo,* 217 Cal.App.3d 1577, 266 Cal.Rptr. 710, 713–15 (1990). *Accord, State v. Baltier,* 109 Ariz. 96, 505 P.2d 556, 557 (1973); *People v. Shannon,* 15 Ill.2d 494, 155 N.E.2d 578, 580 (1959); *State v. Allen,* 292 A.2d 167, 170–72 (Me.1972).

The Alaska courts have never decided whether a "procuring agent" or "purchasing agent" defense applies to drug prosecutions in this state. However, in two cases—*McReynolds v. State,* 739 P.2d 175, 178 (Alaska App.1987), and *Wagers v. State,* 810 P.2d 172, 176 (Alaska App.1991)—this court suggested that the defense was available: that a person acting as the agent for a drug purchaser could not be prosecuted for sale of drugs under a complicity theory. Burden urges us to now squarely hold that the agent of a drug purchaser can not be prosecuted as an accomplice to the sale.

Under Alaska's pre–1982 drug laws, Burden's case would present a close question. However, in 1982 the Alaska Legislature rewrote this state's drug laws to conform to the Uniform Controlled Substances Act. *See* 1982 SLA, chapter 45, section 2; *Dawson v. State,* 894 P.2d 672, 674 (Alaska App.1995). Alaska law no longer defines the illegal transfer of controlled substances in terms of "sale"; instead, the prohibited act is "delivery".

For example, Burden was charged under AS 11.71.030(a)(1). The pertinent portion of this statute prohibits a person from "deliver[ing] any amount of [cocaine]" or from possessing cocaine "with intent to ... deliver". The terms "deliver" and "delivery" are defined in AS 11.71.900(6):

> "[D]eliver" or "delivery" means the actual, constructive, or attempted transfer [of a controlled substance] from one person to another ... whether or not there is an agency relationship [between these persons].

This definition is identical to the one found in the Uniform Controlled Substances Act (*see Uniform Laws Annotated* (1988), vol. 9, part II, p. 11), and it mirrors the corresponding definition under federal drug law, 21 U.S.C. § 802(8).

The real question presented by Burden's case is whether, given this statutory definition of "delivery", the "procuring agent" defense is available in prosecutions under AS 11.71. We hold that this defense is not available.

As explained above, the doctrine that exempts drug purchasers from accomplice liability for their participation in the sale of drugs is ultimately a rule of statutory interpretation. The legislative commentary to AS 11.16.120(b)(2) (see footnote 1) explicitly states that this statute does not forbid the legislature from holding purchasers or their agents criminally liable for an illegal sale of drugs. Rather, AS 11.16.120(b)(2) merely requires that, if the legislature desires to expand accomplice liability in this area, it must enact a statute that declares this purpose. We conclude that the Alaska Legislature's decision to define third-degree controlled substance misconduct in terms of "delivery" rather than "sale" constitutes a declaration that the agents of cocaine purchasers may be charged (under a complicity theory) with third-degree controlled substance misconduct.

Even before the Alaska Legislature enacted our current drug laws in 1982, federal

appellate courts had repeatedly held that Congress's decision to define federal drug offenses in terms of "delivery" had eliminated the "procuring agent" defense—since the definition of "delivery" now explicitly included transfers even when an agency relationship existed between the transferor and transferee. As the Ninth Circuit declared,

> Under [21 U.S.C. § 802], "distribute" means "to deliver ... a controlled substance"[, and] "[d]eliver" means "the ... transfer of a controlled substance, *whether or not there exists an agency relationship.*" 21 U.S.C. § 802(8) (emphasis added). Thus, by its terms, the new statute excludes the "procuring agent" defense *in toto.*

*United States v. Hernandez,* 480 F.2d 1044, 1046 (9th Cir.1973). *See also United States v. Collins,* 552 F.2d 243, 245–46 (8th Cir. 1977); *United States v. Pierce,* 498 F.2d 712, 713 (D.C.Cir.1974); *United States v. Redwood,* 492 F.2d 216 (3rd Cir.1974); *United States v. Masullo,* 489 F.2d 217, 220–21 (2nd Cir.1973); *United States v. Pruitt,* 487 F.2d 1241, 1243–45 (8th Cir.1973); *United States v. Johnson,* 481 F.2d 645, 646 (5th Cir.1973); *United States v. Workopich,* 479 F.2d 1142, 1147 (5th Cir.1973).

State courts construing similar statutes (statutes based upon the Uniform Controlled Substances Act) are essentially unanimous in reaching the same conclusion: when a drug offense is defined in terms of "delivery" (using a definition of "delivery" derived from the Uniform Controlled Substances Act), the "procuring agent" or "purchasing agent" defense is no longer available; a person acting as the agent of the purchaser can be charged as an accomplice to the delivery. *See McKissick v. State,* 522 So.2d 3, 4 (Ala.Cr.App. 1987); *People v. Cattaneo,* 217 Cal.App.3d 1577, 266 Cal.Rptr. 710, 713–15 & 713 n. 2 (1990); *People v. Dinkel,* 189 Colo. 404, 541 P.2d 898, 900 (1975); *State v. Kelsey,* 58 Haw. 234, 566 P.2d 1370, 1373 (1977); *State v. Sharp,* 104 Idaho 691, 662 P.2d 1135, 1139 (1983); *People v. Williams,* 54 Mich.App. 448, 221 N.W.2d 204, 205–06 (1974); *Hindman v. State,* 647 P.2d 456, 458 (Okla.Crim. App.1982); *Harwood v. State,* 543 P.2d 761, 763–64 (Okla.Crim.App.1975); *State v. Baldwin,* 867 S.W.2d 358, 360 (Tenn.Cr.App. 1993); *Wood v. Commonwealth,* 214 Va. 97, 197 S.E.2d 200, 202 (1973); *State v. Grace,* 61 Wash.App. 787, 812 P.2d 865, 867–68 (1991); *State v. Sherman,* 15 Wash.App. 168, 547 P.2d 1234, 1236 (1976); *State v. Hecht,* 116 Wis.2d 605, 342 N.W.2d 721, 725–28 (1984). We have found only one decision *contra: State v. Lott,* 255 N.W.2d 105, 107 (Iowa 1977).

Thus, the overwhelming weight of authority supports the State's position in this appeal: that the 1982 revision of Alaska's drug laws eliminated the "procuring agent" or "purchasing agent" defense. Burden cites no cases to the contrary (not even *Lott* ). Having considered these authorities, we now hold that, under the definition of "delivery" found in AS 11.71.900(6), a person who acts as a go-between or facilitator for an illegal drug transaction can be prosecuted and convicted as an accomplice to the delivery even though he or she is acting on behalf of the purchaser.

The superior court's order dismissing the indictment is REVERSED. This case is remanded to the superior court with directions to reinstate the indictment against Burden.