[No. 2193]

# STATE OF NEVADA, RESPONDENT, v. FRANK BLAHA, APPELLANT.

[154 Pac. 78]

1. CRIMINAL LAW—APPEAL—PRESENTATION—ADMISSION OF CON-
FESSION.
    An assignment of error complaining of the admission of a
confession could not be considered where the transcript of
the testimony disclosed no objection, though appellant's counsel
, stated to the court that objections to the admissibility of the
confession had been made and apparently omitted from the
transcript through inadvertence, in the absence of proof that
such was the case and a request made for diminution of the
record.

2. CRIMINAL LAW—HARMLESS ERROR—EVIDENCE—STATEMENTS BY
ACCUSED.
    Error, if any, in permitting witnesses to testify to conclu-
sions relative to statements made by accused to officers while
he was under arrest, was harmless, where the whole conversa-
tion between defendant and the officers was detailed, and it
clearly appeared that the statements were freely and volun-
tarily made.

3. CRIMINAL LAW—SELF-SERVING STATEMENTS—FOUNDATION FOR
ADMISSION—NECESSITY.
    In a prosecution for burglary, it was not necessary that
a foundation be laid for the admission of defendant's state-
ments that he purchased the stolen jewelry in certain cities.

4. CRIMINAL LAW—INSTRUCTIONS—REQUEST—FALSE TESTIMONY.
    Failure to instruct on the maxim, "Falsus in uno, falsus
in omnibus," was not error, where accused made no request
for such instructions.

5. CRIMINAL LAW—INSTRUCTIONS—TESTIMONY OF ACCUSED.
    In view of Rev. Laws, 7160, as amended by Stats. 1915, c.
157, providing that no special instructions shall be given
relating exclusively to the testimony of defendant, the court
properly refused to instruct that defendant had testified in
his own behalf, and that this was his legal right, and that
the jury were not permitted to reject his testimony merely
because he was the accused.

APPEAL from Second Judicial District Court, Washoe
County; *Thomas F. Moran*, Judge.

Frank Blaha was convicted of burglary of the first
degree, and appeals. **Affirmed.**

*W. H. Virden*, for Appellant:

If objection be made, the voluntary character of an
alleged confession must be determined by the court

before the confession can properly go to the jury. It is error for the court to refuse to first rule as to whether the confession was or was not voluntary. (Am. & Eng. Ency. Law, vol. 6, 2d ed. p. 554; *People* v. *Him Ti*, 32 Cal. 64; *People* v. *Ah How*, 34 Cal. 218.)

The court should have instructed the jury that a witness shown to have sworn falsely in one detail may be considered as unworthy of belief as to all the rest of his evidence. (Ency. Law & Pr., vol. 10, p. 449.)

It is usual in criminal cases to give instructions, both for the state and for the defendant, which apply abstract principles of law to both the state's and the defendant's theory of the case. To refuse such instructions is error. (*State* v. *Hennessy*, 29 Nev. 320.)

*Geo. B. Thatcher*, Attorney-General, for Respondent:

Defendant's statement was not a confession. It was an admission of guilt, in the nature of a declaration, which, if true, tended to show his innocence. Such statements are admissible without preliminary proof that they were freely and voluntarily made. "Usually the proof that no influences were brought to bear is made by verbal answers of the party or parties to whom the confession is made." (*Mose* v. *State*, 36 Ala. 211; *Wyatt* v. *State*, 25 Ala. 9; *Gallagher* v. *State*, 40 Tex. Crim. 296; *State* v. *Williams*, 31 Nev. 360, 375.)

Error in admitting the evidence of one witness of a confession by an accused is harmless where the same confession is proved by other witnesses. (*State* v. *Buster*, 23 Nev. 346, 348.) Declarations made by a defendant to the constable who arrested him, not amounting to a confession or acknowledgment of guilt, are admissible in evidence without preliminary proof of their voluntary character, notwithstanding they may, when connected with the facts, tend to establish his guilt. (*People* v. *Hickman*, 113 Cal. 80; *Wilson* v. *U. S.*, 162 U. S. 613; *People* v. *Gates*, 13 Wend. 311; *People* v. *Ashmead*, 118 Cal. 508; Ency. of Ev., vol. 3, pp. 322, 323.)

The court having finally decided that the confession was admissible, any error of having heard the matter

preliminarily in the presence of the jury was cured. (*Kirk* v. *Territory*, 10 Okl. 46.)

If appellant desired an instruction in accordance with the legal maxim, *Falsus in uno, falsus in omnibus,* he should have prepared and presented it to the court. (*State* v. *McLane*, 15 Nev. 345; *State* v. *Smith*, 10 Nev. 106, 122; *State* v. *Davis*, 14 Nev. 407, 414; *State* v. *St. Clair*, 16 Nev. 207; *State* v. *Hing*, 16 Nev. 307.)

By the Court, NORCROSS, C. J.:

1–3. Appellant was convicted of the crime of burglary of the first degree, and appeals. Evidence was introduced establishing the fact that a burglary was committed on the night of the 25th day of July, 1915, in the city of Reno, and certain jewelry taken from a trunk stored in a building upon the property of one R. T. Harwell. Upon the afternoon of the day following the burglary appellant was arrested by a police officer of the city of Reno while in the act of attempting to dispose of the stolen jewelry, and was at once taken to the police station. The arresting officer and another member of the city police force, over the objection of counsel for the defendant, were permitted to testify to statements made by the defendant to the effect that he purchased a ring, which was part of the stolen jewelry, in the city of Chicago, and a necklace, which was also a part of the stolen jewelry, in the city of Seattle. Shortly subsequent to making these statements the defendant made a confession to the chief of police that he had committed the burglary. Error is assigned in the admission of the statements and confession upon the ground that no proper foundation had been laid. The transcript of the testimony discloses no objection whatever to the admission of the confession. Counsel for appellant advises the court that objections to the admissibility of the confession because a proper foundation had not been laid may have been inadvertently omitted in transcribing the record. No proof appears that this is the case, and no request

has been made for diminution of the record; hence the
suggestion of counsel for appellant cannot be consid-
ered. The objection which counsel for appellant asserts
was, in fact, made, even if embodied in the record, would
not justify this court in holding the same to be sub-
stantial error. Assuming that the same objection was
made to the testimony of the chief of police as that made
to the testimony of the two other officers, the error,
if any, amounts simply to the sustaining of an objec-
tion to questions propounded to the witnesses whether
any inducements, threats, or offers of reward were made
to procure the statements or confession. Even assum-
ing that the court may have committed technical error
in permitting the witnesses to testify to conclusions, it
also appears that the whole conversation between the
defendant and the officers was detailed, and from all
of the facts and circumstances there was no room for
serious question that the statements and confession
were made otherwise than freely and voluntarily.
Besides, it was not necessary to lay any foundation
for the admission of the statements made by the defen-
dant as to how he came into possession of the jewelry
in question.

"Self-serving statements made by or for the accused
out of court, explaining suspicious circumstances, may
be proved against him, and their falsity may then be
shown. The fact of their falsity admits them as indi-
cating an attempt to explain away incriminating cir-
cumstances by falsehoods." (12 Cyc. 429.)

Error is assigned in the refusal to give certain
instructions requested by defendant. With the excep-
tion of one requested instruction, hereafter to be
referred to, the instructions requested and refused, so
far as they were material, were substantially covered by
other instructions given by the court.

4. Error is assigned in the failure of the court to give
an instruction of its own motion upon the maxim,
"*Falsus in uno, falsus in omnibus.*" If counsel for
defendant was of the opinion that an instruction of

this kind was material, it was incumbent upon him to request the same.

5. The following instruction requested by counsel for the defendant was refused:

"The defendant has offered himself as a witness, and has testified in his own behalf. This is his legal right, and you are not permitted under the law to discredit or reject his testimony simply on the ground that he is the accused, and on trial on a criminal charge."

Section 310 of the criminal practice act (Rev. Laws, 7160), as amended by the legislature of 1915 (Stats. 1915, c. 157), provides:

"In the trial of all indictments, complaints, and other proceedings against persons charged with the commission of crimes or offenses, the person so charged shall, at his own request, but not otherwise, be deemed a competent witness, the credit to be given his testimony being left solely to the jury, under the instructions of the court; *provided,* that no special instruction shall be given relating exclusively to the testimony of the defendant, or particularly directing the attention of the jury to the defendant's testimony."

It clearly appears from the reading of the section as amended that purpose of the statute is to forbid the giving of instructions with direct reference to the testimony of the defendant. The court is permitted to, and did in this case, give general instructions applicable to all witnesses. The purpose of the amended statute was, doubtless, to obviate in the future the giving of an instruction heretofore frequently given in criminal cases and sustained by a number of decisions of this court, and reading as follows:

"The defendant has offered himself as a witness on his own behalf, and in considering the weight and effect to be given his evidence, in addition to noticing his manner and the probability of his statements taken in connection with the evidence in the cause, you should consider his relation and situation under which he gives his testimony, the consequences to him relating from

the results of this trial, and all the inducements and temptation which would ordinarily influence a person in his situation. You should carefully determine the amount of credibility to which his evidence is entitled; if convincing, and carrying with it a belief in its truth, act upon it; if not, you have a right to reject it."

The foregoing instruction, while approved by the earlier decisions of the courts of a number of states, has in recent years been severely criticised. The Supreme Court of California, after repeatedly holding this instruction not to be error, later admonished trial courts not to give it, and finally reversed cases where the instruction had been given.

From a reading of the transcript in this case we are unable to see how the jury could have reached any other verdict than the one returned. The defendant was deprived of no substantial right, and no substantial error appears.

Judgment affirmed.