CHARLES DOMINIC POLITO, Appellant, *v.* THE
STATE OF NEVADA, Respondent.

No. 3828

April 22, 1955.                                282 P.2d 801.

See also 70 Nev. 525, 275 P.2d 884.

*Gladys Towles Root,* Los Angeles, California, and
*Ralli, Rudiak & Horsey,* Las Vegas, for Appellant.

*William T. Mathews,* Attorney General, Carson City,
*Roger D. Foley,* District Attorney, and *Gordon L. Haw-
kins,* Deputy District Attorney, Las Vegas, for Respond-
ent.

## OPINION

By the Court, EATHER, J.:

This is an appeal from judgment of conviction of the appellant upon a charge of committing a lewd and lascivious act upon the body of a child of the age of ten years.

The record presents a state of facts which would subserve no worthy or useful purpose to reproduce in its sordid details.

Appellant's first specification of error is that the evidence is insufficient to support the judgment of conviction. Appellant contends that there has been insufficient proof of his identity; that all of the evidence in the case is so unsatisfactory with respect to the perpetrator of the alleged crime that in legal effect it constitutes no evidence at all. This contention is not borne out by a conscientious scrutiny of the record.

Contrary to appellant's contentions, the complaining witness identified appellant as the perpetrator of the crime against her in a line-up on December 11, 1953; at the preliminary hearing even though appellant had since grown a mustache; and at the time of the trial. The record shows that the complaining witness had ample opportunity to observe appellant and identified him three separate times, with a considerable lapse of time between instances. The complaining witness's testimony regarding the identification of the appellant as the perpetrator of the crime against her in a line-up on December 11, 1953, was also corroborated by Clark Arthur Davidson, chief of police, North Las Vegas, Nevada, who was present in the sheriff's office, in the courthouse, Las Vegas, Nevada, together with other officers, and the mother of the complaining witness.

In the case of People v. Newland, 15 Cal.2d 678, 104 P.2d 778, 779, the court stated: "The rule applicable where there is evidence, circumstantial or otherwise, that a crime has been committed and that the defendant was the perpetrator thereof, has been many times reiterated by the reviewing courts of this state as follows: The court on appeal 'will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance, and of the trial court after verdict to determine what facts are established by the

evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground' of insufficiency of the evidence, 'it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. The determination of a charge in a criminal case involves proof of two distinct propositions: First, that the offense charged was committed; and second, that it was perpetrated by the person or persons accused thereof. * * * We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." Citing cases.

Appellant contends that the complaining witness gave contradictory statements at the preliminary hearing and at the time of the trial and that therefore the evidence is insufficient to support the judgment of conviction.

In the case of People v. Haywood, Cal.App., 280 P.2d 180, 181, the court stated: "Such conclusion, however, does not necessarily follow. It is, of course, fundamental that the credibility of a witness is for the determination of the trier of fact. Hence conflicts and inconsistencies in the testimony of an individual witness are to be resolved by the fact finding authority. * * * Thus the trial judge was entitled to accept as true the testimony of the complaining witness on direct examination rather than the conflicting testimony which she later gave. * * * People v. Holman, 72 Cal. App. 2d. 75, 89, 164 P. 2d 297."

Appellant next contends that the court erred in refusing proper impeachment of witness Albert Levinson. Levinson admitted having suffered a prior conviction of felony. At this point the witness Levinson was asked this question: "And the district attorney has you under an information right now, is that correct?"

This question was objected to by the district attorney and the objection was sustained. The attorney for the appellant wanted to "argue that point." He was foreclosed by the court from further argument with the statement that counsel only have the right to inquire as to whether or not the witness had been convicted of a felony; "that is the limit." It is the contention of the appellant that this was a prejudicially erroneous ruling insofar as the appellant is concerned; that appellant had the right to bring to the jury any possible motives for falsifying his testimony that were present; that if it were a fact that an "information" was pending against the witness Levinson this would be an element which the trier of facts should know in evaluating the credence which they were to give this testimony.

Appellant relies on People v. Pantages, 212 Cal. 237, 297 P. 890, as primary authority for his contention that the court did so err. In the Pantages case, supra, a question was propounded to the witness similar to the question in the case before this court, and there, as in the case at bar, the trial court sustained an objection to the question. The Pantages case was reversed but that court did not base its reversal solely on that assignment of error. Others included the failure of the court to allow evidence of previous unchastity on the part of the complaining witness in a rape case where force and violence were alleged and proved; refusal to allow physician's testimony to disprove penetration; the giving of erroneous instructions on sympathy toward defendant and on consent of the complaining witness; and the failure to

give an instruction as to what the jury could consider in recommending punishment.

The trial court in the Pantages case, supra, relied a great deal on People v. Dillwood, 4 Cal. Unrep. 973, 39 P. 438, 439, wherein the court stated in part as follows: "These charges should, however, be proved by the record if objection is made to oral evidence of them."

In the case at bar there was no offer of proof, either orally or by way of attempted introduction of a record, to show that witness Levinson was under information by the district attorney of Clark County at the time he testified. Furthermore, in addition to his testimony that he had been convicted of a felony, the record of the examination of appellant is abounding with statements attacking the credibility of witness Levinson and showing his possible bias and prejudice against, his possible hostility to, and his possible motive for testifying against appellant. Still further it may be noted that his testimony was not essential to the proof of the case against appellant. He testified to no part of the essential element of the crime charged, and added to the identification of appellant as the perpetrator of the crime only indirectly by his statement that appellant said to him, "I didn't know what I was doing," which statement could be attributed to other matters also.

The law is clear in this state that the appellant must have been prejudiced in respect to a substantial right before this court will reverse the judgment of the lower court. Section 11266 N.C.L. 1929: State v. Ramage, 51 Nev. 82, 87, 269 P. 489; State v. Willberg, 45 Nev. 183, 188, 200 P. 475; State v. Williams, 47 Nev. 279, 285, 220 P. 555.

Appellant next contends that the court erred in refusing appellant an opportunity of obtaining counsel of his own choice, and he was thereby denied due process in the representation which he received at the trial.

David Zenoff, Esq., and Calvin C. Magleby, Esq., represented appellant in the preliminary hearing and at the trial.

At the time this matter came on for hearing on May 17, 1954, the following took place:

"By the Court: This is case number 65041, entitled, The State of Nevada, plaintiff, vs. Charles Dominic Polito, defendant. Let the record show the presence of the defendant, Charles Dominic Polito, his attorney, the District Attorney, and all the officers of the court. Are you ready to proceed, gentlemen?

"By Mr. Hawkins: The state is ready, your honor.

"By Mr. Zenoff: The defendant is ready, your honor.

"By Mr. Zenoff: If the court please, the defendant indicates that he is not ready to proceed with the trial. The defendant's counsel is ready for the trial.

"By the Court: Will you get up and tell the court what you have in mind?

"By Mr. Zenoff: If the court please, the defendant has indicated that his father is very ill back east and his presence is requested or required there. He just informed me yesterday of that fact and I believe it is in the court's discretion.

"By the Court: Well, there is no legal reason at this time. The motion for continuance will be denied.

"By Mr. Polito: If your honor please, I want Mr. Zenoff to back off from this case. I want to get another lawyer. I told him that yesterday.

"By the Court: You cannot wait until the last minute and put the county to the expense of a jury.

"By Mr. Polito: Your honor, I don't want Mr. Zenoff to take my case. I feel I am being misrepresented.

"By the Court: The motion will be denied at this time."

In our opinion it is apparent that appellant was not in good faith when he made those remarks to the court, for he made the statement only after Mr. Zenoff had moved for a continuance on an entirely separate ground

and the motion had been denied, thus indicating that he only sought to delay the trial. The rule in this state is well set forth in the case of State v. Arellano, 68 Nev. 134, 148, 227 P.2d 963.

In our opinion the record shows that trial counsel for appellant conducted the trial with all the skill and ability at their command and assured appellant of a fair trial. It is apparent from the record that they had, at best, a very difficult task.

The request for a continuance was addressed to the sound discretion of the trial court, and no diligence to secure other counsel being shown nor any reason for attempting to cause the withdrawal of trial counsel, the court in its exercise of sound discretion denied the motion. Accord: State v. MacKinnon, 41 Nev. 182, 187, 168 P. 330.

Appellant also contends that the court erred in not charging the jury as to the effect of a conviction of a felony as impeachment, and failure to instruct as to alibi evidence. The record, however, does not show that such instructions were requested by appellant. The appellant has cited no law or decision to show this court that the law requires the trial court to give any instructions concerning any part of the theory of the defendant as to the case, in the absence of a request so to charge. If appellant had felt that a more particular instruction should have been given, he should have requested it. This he did not do, and cannot now be heard to complain of the lack of such instruction. State v. Lewis, 59 Nev. 262, 271, 91 P.2d 820.

Appellant contends that the court improperly admitted rebuttal testimony by way of impeachment without a proper foundation being established therefor. Appellant was cross examined at length by the district attorney with respect to his movements on the afternoon of the

tenth. In rebuttal the district attorney recalled Chief Davidson to the stand who testified to conversations with the appellant. He was permitted to testify without objection or motion to strike that "the defendant gave quite a few answers to where he was at that time and they were all conflicting." The point made by appellant is that these conversations at this point were admissible only on a basis of impeaching the testimony of the appellant. Not only was this testimony admitted without objection, but the contentions of appellant are met in the testimony as to time, place and persons present.

In State v. Blaha, 39 Nev. 115, 118, 154 P. 78, 79, this court stated: " 'Self-serving statements made by or for the accused out of court, explaining suspicious circumstances, may be proved against him, and their falsity may then be shown. The fact of their falsity admits them as indicating an attempt to explain away incriminating circumstances by falsehoods.' "

Appellant claims that Davidson was allowed to testify as to the conclusion that appellant gave conflicting answers as to where he was at the time of the alleged crime. This of itself might be a conclusion, but the witness in subsequent answers told what those answers were and the jury was enabled thereby to determine if the conclusion of the chief was correct or incorrect.

We are of the opinion that there was a proper foundation laid for the impeachment testimony of the witness Chief Davidson.

As no prejudicial error appears in the record, and as the charges contained in the information are amply supported by the testimony, the judgment appealed from is affirmed.

MERRILL, C. J., and BADT, J., concur.