**UNITED STATES of America,**
**Appellee,**

v.

**John Thomas DAVIDSON, Defendant,**
**Appellant.**

**No. 7564.**

United States Court of Appeals,
First Circuit.

July 2, 1970.

---

1. We dispose of this case on the briefs and record, without oral argument, as provided by our Local Rule 18.

Harvey A. Silverglate, Boston, Mass., with whom Flym, Zalkind & Silverglate, Boston, Mass., was on brief, for appellant.

Willie J. Davis, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., and James B. Krasnoo, Asst. U. S. Atty., were on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

### PER CURIAM.

The defendant, admittedly an illegal dealer in narcotics, was convicted of violation of 26 U.S.C. § 4705(a) for selling heroin without receiving the order form thereby required. His sole ground of appeal is that section 4705(a) violates the Tenth Amendment.* Concededly, no Fifth Amendment rights are involved. Minor v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283.

Basically, defendant asserts that since, as an illegal dealer, he was not obliged to pay the occupational tax imposed by section 4721, and no tax was due from the buyer, there was no federal purpose to be served by the form, and hence no federal right to require it. In 1928 the Court in Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600, upheld the constitutionality of the order form requirement as to unregistered sellers on the ground that it aided in the collection of excise and occupational taxes imposed by the federal narcotics act. Defendant notes, correctly, that illegal dealers were then subject to the occupational tax, and argues that since now they are not, Nigro is inapplicable and we must reach a different result.

We do not agree. It does not follow that because the defendant is exempt from the occupational tax, federal tax collection is not aided by the information sought in the order form. In the first place, although the defendant seller may not have been subject to the section 4721 tax, his supplier may have been a lawful importer who had neglected to pay his own occupational tax. Secondly, the sale may have involved narcotics subject to the excise tax, 26 U.S.C. § 4701, due from the original importer or manufacturer, but unpaid. In either case

---

* "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

the information supplied on the order form might set in motion a chain of inquiry directly related to the collection of federal taxes. *See Nigro,* ante, at 347, 48 S.Ct. 388.

Beyond this, we think the government has a valid interest in obtaining information for less immediate purposes. It may wish to know, for example, how much revenue it sacrificed by its exemption of unlawful dealers, with an eye to reinstating the tax. It may want to consider a new type of taxation. We cannot believe that Congress lacks the authority to gather such information. It would be difficult to think, for example, that the informational return required from private foundations by the 1969 Tax Reform Act is unenforcible except to the extent related to present exemptions. Defendant does not advance his case by suggesting that our speculations have not been verified, and the actual motives of Congress may be something different. Cf. Watkins v. United States, 1957, 354 U.S. 178, 200, 77 S.Ct. 1173, 1 L.Ed.2d 1273.

Affirmed.