**UNITED STATES of America,**
**Appellee,**

**v.**

**Robert E. BARCELLA, Defendant,**
**Appellant.**

**No. 7612.**

United States Court of Appeals,
First Circuit.

Oct. 14, 1970.

Joseph S. Oteri, Boston, Mass., by appointment of Court, with whom Kevin M. Keating and Crane, Inker & Oteri, Boston, Mass., were on brief, for appellant.

James B. Krasnoo, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The defendant was charged with selling heroin without receipt of the written order required by 26 U.S.C. § 4705(a). *See* U. S. v. Davidson, 1 Cir., 1970, 428 F.2d 461. On this appeal his principal contention is that the court should have acquitted him because, as a matter of law, in going to a source of supply and obtaining twenty-five packs of the drug for a government agent, who reimbursed him and permitted him to retain two for himself, defendant acted as a "procuring agent" of, rather than a seller to, the government representative, and hence did not violate the act. The court, instead, submitted the case to the jury with instructions that if it found facts making this principle applicable it should acquit. The jury returned a verdict of guilty and this appeal followed.

The procuring agent theory is new to this circuit. So far as we can discover, it was initiated in United States v. Sawyer, 3 Cir., 1954, 210 F.2d 169, and now appears to be accepted in a majority of the circuits. *See* United States v. Winfield, 2 Cir., 1965, 341 F.2d 70 (dictum); Myers v. United States, 8 Cir., 1964, 337 F.2d 22 (dictum); United States v. Sizer, 4 Cir., 1961, 292 F.2d 596 (dictum); Vasquez v. United States, 9 Cir., 1961, 290 F.2d 897 (dictum); Kelley v. United States, 1960, 107 U.S. App.D.C. 122, 275 F.2d 10; Adams v. United States, 5 Cir., 1955, 220 F.2d 297. In essence the theory is that if the defendant, in procuring the drugs and delivering them to the recipient, acted solely as the agent of the recipient, and in no other capacity, then the delivery was the transfer by an agent to his principal of what already belonged to the principal and hence did not involve a sale, barter, exchange or gift to which section 4705(a) applies.

We must agree that one who is strictly an agent of a buyer is not in violation of section 4705 when he delivers the drugs to the buyer without obtaining an order form. At the same time, if he is playing any other role in the transaction, either as an alternative or in addition to his role as agent for the buyer, the defense is not available. One who acts as a principal by buying from the supplier and selling to the buyer, or as a co-principal by joining the supplier in selling to the buyer, or as an agent

of the supplier by effecting the supplier's sale to the buyer, is under a duty to make the sale pursuant to a written order form, even if he is also the buyer's agent. United States v. Winfield, ante, 341 F.2d at 71–72 (co-principal with supplier); Jackson v. United States, 5 Cir., 1963, 311 F.2d 686, 690, cert. denied 374 U.S. 850, 83 S.Ct. 1913, 10 L.Ed.2d 1070 (agent of supplier). On our examination of the record in the case at bar there was no error. Rarely could it be ruled as matter of law that a go-between was acting solely as a procuring agent. It may be that Commonwealth v. Harvard, 1969 Mass. A.S. 1341, 253 N.E.2d 346, constituted such an extreme case. In any event the facts at bar are clearly distinguishable. Even as to the sale in which defendant was not shown to receive a commission the jury could infer that he retained or received a portion of the sales price as a profit or commission from the supplier.

 Returning to the decided cases it may be observed that assertion of the procuring agent theory as a defense frequently goes hand in hand with a claim of entrapment. See, e. g., United States v. Winfield, ante; Lewis v. United States, 1964, 119 U.S.App.D.C. 145, 337 F.2d 541, cert. denied 381 U.S. 920, 85 S.Ct. 1542, 14 L.Ed.2d 440; United States v. Sizer, ante; Henderson v. United States, 5 Cir., 1958, 261 F.2d 909; United States v. Sawyer, ante. This is not mere coincidence. Evidence of entrapment will often also be evidence that the defendant entered into the illegal transaction solely to help the buyer, and on his behalf. By the same token, a jury might rationally consider that a defendant who was ready, able and willing to enter the transaction without improper inducements amounting to entrapment was a seller, or an associate or agent of a seller, however much he might maintain that he was only accommodating the buyer. Such matters must be left to a jury's good judgment. But we suggest to the district courts that it may well be appropriate, where a defendant seeks to maintain a procuring agency defense, to permit the government to introduce the same evidence it could bring forward to rebut a defense of entrapment.

Defendant's next claim is that the drug putatively transferred by him should not have been admitted as an exhibit because of a discrepancy between the date written on the envelopes in which the drug was kept and the government chemist's testimony as to the date he tested the contents of the envelopes to determine if they were heroin. There was other evidence identifying these exhibits. The discrepancy went only to the weight of the testimony, and the jury could have found the date on the envelopes to have been a mistake.

Finally, defendant's argument that he was denied effective assistance of counsel because, due to the size of the courtroom, counsel was restricted from free-wheeling about while examining witnesses, is too frivolous to merit discussion.

Affirmed.