BILLY RAY JOHNSON, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 7427

September 23, 1974                    526 P.2d 696

*Larry C. Johns,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Joel M. Cooper,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

At issue on this appeal is the question of whether the denial of the accused's motion for a continuance of his trial to a later date is sufficient basis to reverse his conviction. Under the circumstances stated we hold that it was not and the verdict will stand.

On January 10, 1973 Billy Ray Johnson, together with Johnny McDonald, Jr., was charged with three counts of robbery. Trial was set for April 9, 1973. While in jail awaiting trial Johnson became engaged in a fight with another inmate resulting in an injury to his hand. The trial date was continued from April 9 to April 16, but one court day before the trial was to begin Johnson moved to change counsel and for a continuance, both of which were denied. At the hearings on the motion Johnson and his counsel testified that they were not in agreement concerning their attitudes towards Johnson's chances of being acquitted, thus calling for a change of lawyers. As to the injury, the testimony of various witnesses, including the doctor who examined and treated his hand, negated Johnson's claim that he was physically unable to stand trial while Johnson contended that he was in too much pain to stand trial.

1. The granting of a continuance is within the sound discretion of the court. Morford v. State, 80 Nev. 438, 442, 395 P.2d 861 (1964). Whether the denial of a continuance is arbitrary must be determined from the circumstances present in every case, particularly those presented to the trial judge at the time the request is denied. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). There was in this case no just reason to allow a change of counsel on the eve of trial when it is apparent that the basic reason in doing so was for the purpose of obtaining another delay. What advantage a delay would bring cannot be ascertained, but it is significant that there is no contention that the trial counsel performed in an unsatisfactory

manner nor that any errors were committed in the conduct of the trial.

2. The appellant's contention that he was physically unable to participate in the trial or in his defense is equally without merit. The evidence indicates that while Johnson may have suffered some discomfort it was insufficient to impair his ability to cooperate with counsel and participate in the proceedings. Our disinclination to allow last-minute proceedings to delay the commencement of a trial has already been announced. Howard v. Sheriff, 83 Nev. 150, 153, 425 P.2d 596, 598 (1967).

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.