DENNIS HAROLD DIXON, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 10022

September 29, 1978                    584 P.2d 693

*William N. Dunseath,* Public Defender, *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Appellant was indicted and subsequently convicted on two counts of sale of a controlled substance, NRS 453.231, and one count of conspiracy to sell a controlled substance, NRS 199.480. The arrests were occasioned by defendant's selling the contraband material to a police informant and an undercover officer.

The informant took the officer to Dixon's residence where the officer stated he needed to purchase heroin for his wife. Dixon arranged to purchase the heroin from a co-defendant, who subsequently pled guilty and turned State's evidence. After the purchase, Dixon took a portion of the heroin for himself and injected it into his arm in the presence of both the officer and the informant. Approximately a week later the informant and the officer again purchased heroin through Dixon, who completed the transaction with yet another

co-defendant who stands convicted for his participation. Dixon again took a portion of the heroin for his own use.

Prior to his trial, Dixon was represented by five defense attorneys. The last attorney was notified of his appointment seventeen days prior to the trial date and did not receive the case file until thirteen days prior to trial. A motion to continue was heard five days prior to trial, which the court denied because the accompanying affidavits of counsel gave no "specific reasons why the case can't be tried."

Dixon now claims he was denied his constitutional right to the effective assistance of counsel because his attorney was not given a continuance to adequately prepare for trial and because counsel did not pursue a certain defense.

The granting of a continuance is within the sound discretion of the court. Johnson v. State, 90 Nev. 352, 526 P.2d 696 (1974); Jones v. State, 90 Nev. 45, 518 P.2d 164 (1974); Polito v. State, 71 Nev. 135, 282 P.2d 801 (1955). Here the trial court was cognizant of the circumstances under which Dixon's last counsel was appointed, but denied the motion for continuance because no specific reasons were recited by counsel. The trial judge had sole discretion to determine whether counsel had a reasonable time to prepare. Ungar v. Sarafite, 376 U.S. 575 (1964); Stamps v. United States, 387 F.2d 993 (8th Cir. 1967). The facts do not indicate an abuse of discretion, and a review of defense counsel's direct examination and cross-examination of witnesses indicates he was thoroughly familiar with the facts of the case.

Dixon claims his defense counsel failed to employ the "procuring agent" defense. See, United States v. Barcella, 432 F.2d 570 (1st Cir. 1970); Roy v. State, 87 Nev. 517, 489 P.2d 1158 (1971). He argues that failure to pursue this defense is attributable to the alleged inadequacy of time for preparation.

The procuring agent defense can be maintained only if the defendant were merely a conduit for the purchaser and in no way benefitted from the transaction. *Barcella,* supra. There was testimony that appellant received part of the heroin involved in each transaction. Consequently, the defense was not available.

We therefore affirm the judgment of conviction.

BATJER, C. J., and MOWBRAY and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

I concur in the result.