DENNIS LEE McCABE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12928

December 30, 1982                          655 P.2d 536

*J. Gregory Damm,* State Public Defender and *Robert A. Bork,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Michael S. Rowe,* District Attorney, and *Michael P. Gibbons,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was tried before a jury and convicted of murder in

the first degree. He was sentenced to life imprisonment without the possibility of parole. We affirm.

Prior to trial, the district court held a hearing on a motion by appellant's counsel for a grant of immunity for two defense witnesses. Both motions were denied. Thereafter, appellant's counsel called these two witnesses to testify. They both asserted their Fifth Amendment privilege against self-incrimination and refused to testify as to the shooting incident of August 3, 1979, which led to appellant being charged with murder. Appellant renewed his motions for a grant of immunity, or in the alternative, for a continuance. The district court again denied both motions.

We hold that the trial court did not err in refusing to grant immunity to the two defense witnesses. NRS 178.572 governs the granting of immunity and provides as follows:

> In any investigation before a grand jury, or trial in any court of record or justice's court, the court *on motion of the state* may order that any material witness be released from all liability to be prosecuted or punished on account of any testimony or other evidence he may be required to produce. (Emphasis added.)

This statute clearly provides that the granting of immunity is discretionary with the court only upon motion of the *state*. The granting of immunity is traditionally a function of the prosecution, and a defendant in a criminal proceeding does not have a right to grant immunity to witnesses. State v. Matson, 587 P.2d 540 (Wash.App. 1970); State v. Ramsey, 576 P.2d 572 (Idaho 1978); and State v. Buchanan, 518 P.2d 108 (Ariz. 1974). Furthermore, even though a defendant is faced with a witness who invokes his privilege against self-incrimination, this is not grounds to grant immunity. *See* United States v. Ramsey, 503 F.2d 524 (7th Cir. 1974); and *Buchanan, supra.* Accordingly, appellant has no statutory right to have immunity granted to his two witnesses.

Appellant argues that he was the victim of an abuse of the trial court's discretion in rejecting his motion for continuance. This motion was premised on the appellant's perceived need to delay his trial until such time as the aforementioned witnesses could resolve their own culpability in the incident for which appellant was tried. Presumably, the witnesses would then be free of jeopardy in testifying about the facts surrounding appellant's involvement. We are unaware, however, of any

legal principle requiring a judge to grant a continuance based on the mere hope that a recalcitrant witness will later agree to testify. It is a well settled rule in this state that the granting of a continuance is within the sound discretion of the court. Johnson v. State, 90 Nev. 352, 526 P.2d 696 (1974); Morford v. State, 80 Nev. 438, 395 P.2d 861 (1964). In the instant case, the record does not reveal any abuse in this area; therefore, we conclude that the trial judge was acting within his discretion in denying appellant's motion for a continuance.

In the case before us, both parties stipulated prior to trial that the death penalty did not apply because there were no aggravating circumstances to be presented by the prosecution. Consequently, the jury was instructed that if it found the defendant guilty of murder in the first degree, it was required to fix the penalty at life imprisonment with or without the possibility of parole. Appellant contends that the trial court erred in not holding a separate penalty hearing as mandated by NRS 175.552.[1] Under the circumstances of this particular case, we cannot agree.

A plain reading of this statute in conjunction with NRS 175.554, which outlines the procedures for conducting a separate penalty hearing, reveals that a separate penalty hearing is not required where death is not an option for the jury to consider. NRS 175.554 provides that the court shall instruct the jury on all alleged aggravating and mitigating circumstances; then the jury is to determine whether these circumstances are found to exist. Thereafter, based upon its determination, the jury must find whether the defendant should be sentenced to death or life imprisonment. The statute continues by stating that the jury may impose a sentence of death only if it finds at least one aggravating circumstance which is not outweighed by any mitigating circumstances. It is apparent from the foregoing that the main purpose of the penalty hearing is to determine whether a sentence of death or life imprisonment should be imposed after all aggravating and mitigating circumstances are weighed. Where, as here, there are no such circumstances to be weighed, and death is not an option, we hold that a separate penalty hearing is not required under NRS 175.552.

---

[1]NRS 175.552 provides in pertinent part:

Upon a finding that a defendant is guilty of murder of the first degree, the court shall conduct a separate penalty hearing to determine whether the defendant shall be sentenced to death or to life imprisonment with or without possibility of parole.

We now turn to appellant's claim that a new trial should have been granted on the basis of newly discovered evidence.[2] NRS 176.515. We have consistently held that the granting of a new trial in criminal cases on the ground of newly discovered evidence is largely discretionary with the trial court, and that court's determination will not be reversed on appeal unless abuse of discretion is clearly shown. Lightford v. State, 91 Nev. 482, 538 P.2d 585 (1975); Porter v. State, 94 Nev. 142, 576 P.2d 275 (1978). Furthermore, in Oliver v. State, 85 Nev. 418, 456 P.2d 431 (1969), we set forth seven requirements that a defendant must establish before a new trial will be ordered. Since the evidence proffered by appellant does not satisfy these requirements, we conclude that the trial court did not err in refusing to grant a new trial.

The judgment of conviction is affirmed.

---

[2]Actually, the "newly discovered" evidence in question was known to appellant from the date of the offense. It is therefore more appropriately in the category of "newly available" evidence. State v. Guthrie, 517 P.2d 1253 (Ariz. 1974); People v. Fletcher, 566 P.2d 345 (Colo. 1977).