**Roger Brent DAVIS, Petitioner—Appellant,**

v.

**John IGNACIO, Respondent—Appellee.**

No. 02–17204.

D.C. No. CV–99–00446–ECR/RAM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2004.

Decided Feb. 3, 2004.

John C. Lambrose, Danice A. Johnson, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

John Warwick, AGNV—Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before WALLACE, NOONAN, and MCKEOWN, Circuit Judges.

MEMORANDUM*

Davis appeals from the district court's denial of his habeas corpus petition. Except as otherwise provided, the district court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction over the timely filed appeal pursuant to 28 U.S.C. § 2253. To qualify for habeas cor-

pus, Davis must show that his state conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), *quoting* 28 U.S.C. § 2254(d)(1). Because Davis has not satisfied this stringent standard, he does not qualify for habeas relief.

■ The Nevada Supreme Court held that Davis procedurally defaulted on claims 7(J)-(X), 8, and 9 of his Second Amended Petition for Writ of Habeas Corpus. *See* Nev. Stat. Rev. §§ 34.800(2) (laches) & 34.810(2) (abuse of writ). We have held that sections 34.800 and 34.810 constitute "independent and adequate state grounds," which bar federal habeas review, *Moran v. McDaniel*, 80 F.3d 1261, 1269 (9th Cir.1996) (§ 34.800); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir.2003) (§ 34.810), and Davis has not demonstrated that we should reach a different result here. Davis cannot invoke ineffective assistance of counsel as a defense to procedural default, because he failed to raise this defense in state court. *Murray v. Carrier*, 477 U.S. 478, 488–89 (1986). Thus, Davis was not entitled to challenge the procedural default in an evidentiary hearing before the district court, *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir.1990), and we lack jurisdiction to consider the defaulted claims on appeal, *Davis v. Woodford*, 333 F.3d 982, 1007 (9th Cir.2003).

■ The trial court's decision to combine the guilt and penalty phases of Davis's trial was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States." *Andrade*, 538 U.S. at 71. Under Nevada law, separate sentencing proceedings are only required in death penalty cases. *McCabe v. State*, 98 Nev. 604, 607, 655 P.2d 536 (1982) (interpreting Nev.Rev. Stat. §§ 175.522 & 175.544); *see also Confederated Tribes and Bands of the Yakima Nation v. County of Yakima*, 903 F.2d 1207, 1210 (9th Cir.1990) (holding that federal courts may not substitute their reading of a state statute for that of the state's highest court). This standard satisfies the Supreme Court's constitutional jurisprudence. *See Harmelin v. Michigan*, 501 U.S. 957, 994–96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (holding that defendants in noncapital trials have no [constitutional] right to present mitigating evidence in a separate penalty proceeding).

■ The district court did not violate Davis's right to due process by instructing jurors before trial that they "must not be influenced in any degree by any personal feelings of sympathy" toward Davis. "[F]ederal courts have consistently held that jury instructions admonishing the jury to base its penalty determination on mitigating or aggravating evidence, not on sympathy for the defendant, pass constitutional muster." *Mayfield v. Woodford*, 270 F.3d 915, 923 (9th Cir.2001).

■■ The trial court's jury instructions also do not provide a basis for habeas relief. The decision to employ instructions that differed from those outlined in *Petrocelli v. State*, 101 Nev. 46, 56, 692 P.2d 503 (1985), did not amount to constitutional error because neither party requested the *Petrocelli* instructions, *id.*, and "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief," *Estelle v. McGuire*, 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Similarly, Davis was not entitled to a jury instruction on voluntary manslaughter because the Constitution only requires voluntary manslaughter instructions in capital cases. *Turner v. Marshall*, 63 F.3d 807, 818–19 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677 (9th Cir.1999).

■ We also reject Davis's assertion that habeas relief is necessary here to remedy the admission of evidence depicting his refusal to take a polygraph test. Davis has not shown that this evidence "had a substantial and injurious effect or influence in determining the jury's verdict" or that it involved "a deliberate and especially egregious error" warranting habeas relief. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 638 n. 9, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), *quoting Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

■ Davis has not shown that the government's repeated references to his anal intercourse with the victim, his refusal to take a polygraph test, and the availability of executive clemency "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Drayden v. White*, 232 F.3d 704, 713 (9th Cir. 2000), *quoting Hall v. Whitley*, 935 F.2d 164, 165 (9th Cir.1991). The government presented overwhelming evidence linking Davis to the victim's death, and Davis has not established that his conviction was the product of "a deliberate and especially egregious error ..., or one that ... combined with a pattern of prosecutorial misconduct[ ] might so infect the integrity of a proceeding as to warrant the grant of habeas relief." *Brecht*, 507 U.S. at 638, n. 9.

■ Alternatively, Davis asserts that habeas relief is appropriate in this case because his Sixth Amendment right to effective assistance of counsel was denied at the trial level. The attorney's failure to object to the jury instructions on sympathy, executive clemency, and voluntary

manslaughter did not prejudice Davis's defense because (1) the instructions were not manifestly improper, (2) he has not alleged any facts that likely would have mitigated the jury's sentencing decision, and (3) he could not argue voluntary manslaughter without undermining his general theory of the case (i.e., that he "passed out in his trailer from drinking and, when he awoke, ... found [the victim] lying in the pick-up"). *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a defendant alleging ineffective assistance must demonstrate that their counsel's performance both "fell below an objective standard of reasonableness" and prejudiced the defense); *Karis v. Calderon,* 283 F.3d 1117, 1133 (9th Cir.2002) (same).

 We reject Davis's contention that his attorney's failure to contest the government's references to his nickname, "Punchy," amounted to a denial of effective assistance because these references "were not prejudicial in view of the fact that they were brief and isolated and in light of the substantial evidence of guilt adduced by the government." *United States v. Mitchell,* 328 F.3d 77, 84 (2d Cir.2003); *see also Fields v. Woodford,* 309 F.3d 1095, 1108 (9th Cir.2002) (holding that a habeas petitioner must show that "counsel's errors ... *actually* prejudiced him").

 Davis contends that his trial counsel should have requested a jury view of the crime scene, because "[a] jury view of the trailer and its surroundings would have shown that the trailer was located in a wide open area." However, the attorney later testified that photographs and videotape of the scene adequately depicted the "open nature of the area," rendering an additional jury view superfluous, and Davis has not demonstrated that this conclusion was objectively unreasonable.

 Davis also contends that his trial counsel did not adequately voir dire prospective jurors and cross-examine trial witnesses. With respect to voir dire, "we cannot say that [the attorney's] failure to inquire beyond the [trial] court's voir dire was outside the range of reasonable strategic choice or that it would have affected the outcome." *Id.* at 1108. Davis has not shown that his counsel's examination of trial witnesses was not "within the range of competence demanded of attorneys in criminal cases." *Strickland,* 466 U.S. at 687, *quoting McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Thus, Davis's ineffective assistance claim falls short on these grounds as well.

Davis contends that his attorney's failure to object to instances of alleged prosecutorial misconduct constitutes ineffective assistance. Because he has not demonstrated that these instances of alleged misconduct resulted in prejudice, he does not satisfy *Strickland*'s requirements for ineffective assistance. *Id.* at 687–88.

 Finally, Davis argues that the district court abused its discretion by denying him an evidentiary hearing in connection with his habeas petition. Davis does not qualify for an evidentiary hearing, however, because his factual allegations do not "establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In sum, Davis's habeas petition fails because he has not demonstrated that his state conviction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Andrade,* 538 U.S. at 71.

AFFIRMED.