An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAIR SAHADAT ALI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65071

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of theft. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

First, appellant Shair Sahadat Ali contends that "the withholding of his legal material and other Washoe County Sherriff's [sic] Office Detention Center actions [ ] frustrated his ability to present a defense, file pre-trial writs and motions, and prepare for sentencing." We conclude that this claim lacks merit. By pleading guilty, Ali waived his right to challenge alleged violations which occurred prior to entry of his plea. *See Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975). Regarding his assertion that he was prevented from preparing for sentencing, Ali fails to demonstrate that his rights were violated or that he was prejudiced, particularly where he was represented by counsel and there is no suggestion that counsel did not have access to the materials he

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 31099

alleges were removed from his cell. *See Wolfe v. State*, 95 Nev. 240, 242, 591 P.2d 1155, 1156 (1979).

Second, Ali contends that his guilty plea was not entered knowingly, voluntarily, and intelligently because he pleaded guilty based upon the promise that he would remain free on bail while awaiting sentencing. We decline to consider this assertion because it challenges the validity of the plea and is not properly raised on direct appeal. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 367-68 (1986).

Third, Ali contends that the district court abused its discretion by permitting several attorneys to withdraw without his consent and denying newly appointed counsel's requests for continuances to prepare for sentencing. We disagree. The record reflects that at least one of the substitutions of counsel was done at Ali's request after he retained counsel, and another substitution occurred after counsel withdrew and the court appointed counsel to represent Ali. The record also reflects that the court continued the hearing multiple times between September 25, 2013, and February 12, 2014. At sentencing, counsel indicated that he had discussed the case with Ali, prepared a sentencing memorandum, and was ready to proceed. Ali fails to demonstrate that the district court abused its

discretion. *See Dixon v. State*, 94 Nev. 662, 664, 584 P.2d 693, 694 (1978).

Having concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.           _____, J.
Douglas                                Cherry

cc:   Second Judicial District Court, Department 6
      Douglas A. Nutton
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

_____

[1]Ali's fast track statement fails to comply with the Nevada Rules of Appellate procedure because it is not double-spaced, *see* NRAP 3C(h)(1); NRAP 32(a)(4), and makes factual statements without adequate citation to the record, *see* NRAP 3C)(e)(1)(C). We caution counsel that future failure to comply with this court's briefing requirements may result in the imposition of sanctions. *See* NRAP 3C(n).