# IN THE SUPREME COURT OF THE STATE OF NEVADA

JULIO HERRERA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69482

FILED

JUN 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion to correct an illegal sentence. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant argues that his sentence is illegal because he was entitled to be sentenced by a jury rather than the district court where he did not stipulate to waiving that right as required by NRS 175.552(1), (2). A motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" *Id.* (quoting *Allen v. United States*, 495 A.2d 1145, 1149 (D.C. 1985). At the time appellant was sentenced, NRS 175.552 did not require the parties to stipulate to a waiver of the right to a separate penalty hearing before a jury, *see* 1977 Nev. Stat., ch. 585, § 7, at 1543, and this court has construed the previous version of the statute as providing for a separate

16-19048

penalty hearing only when the death penalty was a sentencing option. *See Kazalyn v. State*, 108 Nev. 67, 77, 825 P.2d 578, 584 (1992), *receded from by Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000); *McCabe v. State*, 98 Nev. 604, 607, 655 P.2d 536, 538 (1982). The record shows that the death penalty was not a sentencing option in appellant's case. Therefore, the district court was not without jurisdiction to impose sentence nor was the sentence imposed in excess of the statutory maximum. Therefore, the district court did not err by denying the motion.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____ J.
Gibbons

cc:     Hon. William D. Kephart, District Judge
        Julio Herrera
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]We note that appellant previously filed a motion to correct an illegal sentence in the district court based on the same grounds. The Court of Appeals upheld the district court's denial of that motion. *Herrera v. State*, Docket No. 67243 (Order of Affirmance, May 20, 2015).