# IN THE SUPREME COURT OF THE STATE OF NEVADA

MALIK TYRELL KENDRICK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78352

FILED

MAY 20 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and battery with the use of a deadly weapon resulting in substantial bodily harm.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Malik Kendrick raises four main contentions on appeal.

First, Kendrick argues that the district court abused its discretion in refusing to exclude incriminating jail phone calls during the State's rebuttal case that the State had not disclosed until after the defense rested its case in chief. We review a district court's admission of rebuttal evidence for an abuse of discretion. *See Lopez v. State*, 105 Nev. 68, 81, 769 P.2d 1276, 1285 (1989).

NRS 174.235(1)(a) provides that "upon request," a defendant is entitled to inspect or copy any "written or recorded statements" he made that were "within the possession, custody or control of the State," and which are known, "or by the exercise of due diligence may become known, to the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

prosecuting attorney." NRS 174.235(1)(a). The State has an obligation to provide those statements to the defendant *regardless* of whether the State intends to use the statements during its case in chief. *See id.* (distinguishing between a defendant's written or recorded statements and those made by witnesses the State intends to call during its case in chief). In addition, NRS 174.295 imposes an obligation on the State to promptly notify the defense as to the existence of additional material encompassed by NRS 174.235. *See* NRS 174.295(1). When the State fails to meet its statutory disclosure obligations, the district court has several options to ameliorate any resulting prejudice. *See* NRS 174.295(2). These include prohibiting the State from introducing in evidence the material not disclosed or entering any order the district court deems just under the circumstances. *See id.*

Here, Kendrick was clearly entitled to the jail calls. The State does not dispute that Kendrick inquired about phone calls during the file review, and the prosecutor would have known about the recorded calls through the exercise of reasonable diligence as the detectives who testified at trial had listened to the recordings nearly a year before the trial, and the prosecutors were in possession of the jail calls prior to trial. Thus, the State violated its statutory obligations under NRS 174.235. Under these facts, the district court abused its discretion by permitting the State to introduce untimely-disclosed evidence that undermined the defense theory of the case, in violation of the discovery statute.[2]

---

[2]Because we conclude that the district court abused its discretion in admitting this evidence under NRS 174.235, we need not address Kendrick's other arguments related to this evidence. And Kendrick's *Brady v. Maryland,* 373 U.S. 83 (1963), argument fails as the calls were disclosed

Nevertheless, we further conclude that the error is harmless given the overwhelming evidence presented at trial—Kendrick's motive and opportunity to kill the victim, Kendrick's inconsistent statements and actions when questioned by law enforcement, surveillance videos, and items used during the crimes matching those found in Kendrick's vehicle. *See Newman v. State*, 129 Nev. 222, 236, 298 P.3d 1171, 1181 (2013) (reviewing non-constitutional errors for harmless error); *Tavares v. State*, 117 Nev. 725, 732, 30 P.3d 1128, 1132 (2001) (defining "harmless error" as one that does not have a "substantial and injurious effect or influence in determining the jury's verdict" (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946))).

Second, Kendrick argues that the district court erred by denying his motion for a new trial without making any findings of fact or conclusions of law that would facilitate appellate review, and because newly discovered evidence regarding the jail phone calls warranted granting the motion. We review for an abuse of discretion, *McCabe v. State*, 98 Nev. 604, 608, 655 P.2d 536, 538 (1982) (reviewing district court determinations regarding motions for new trial for an abuse of discretion), and disagree. Any error in the district court's failure to make specific factual findings and legal conclusions is harmless, and therefore reversal is not warranted, as the record on appeal is sufficient for this court's review. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003) (concluding that "meaningful, effective appellate review depends upon the availability of an accurate

---

at trial, albeit belatedly, and not favorable to Kendrick. *See Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000) (listing the factors for a *Brady* violation to include that the evidence was withheld and favorable to the defense).

record covering lower court proceedings relevant to the issues on appeal" (quoting *Lopez,* 105 Nev. at 84-85, 769 P.2d at 1287); *Newman,* 129 Nev. at 236, 298 P.3d at 1181; *Tavares,* 117 Nev. at 732, 30 P.3d at 1132.

We further conclude that the district court did not abuse its discretion in denying the motion because the motion did not identify any "newly discovered" evidence. In particular, the evidence regarding the detectives' knowledge of the jail calls came out during trial. And Kendrick fails to show how the evidence would have "render[ed] a different result probable upon retrial." *McLemore v. State,* 94 Nev. 237, 239-40, 577 P.2d 871, 872 (1978) (addressing motions for a new trial based on newly-discovered evidence); *see also McCabe,* 98 Nev. at 608, 655 P.2d at 538.

Third, Kendrick argues that the district court erred by denying his fair-cross-section challenge to the venire. We disagree, as Kendrick failed to demonstrate that any alleged underrepresentation of African Americans on the venire was due to a systemic exclusion of African Americans in the selection process. *See Williams v. State,* 121 Nev. 934, 939-41, 125 P.3d 627, 631 (2005) (requiring a "systemic exclusion" of a distinctive group in the jury-selection process to establish a prima facie violation of the fair-cross-section requirements of the Sixth and Fourteenth Amendments (quoting *Evans v. State,* 112 Nev. 1172, 1186, 926 P.2d 265, 275 (1996))). Indeed, the jury commissioner testified that the jury lists are randomly drawn from Nevada Department of Motor Vehicles and NV Energy records, without regard to ethnicity or race, and Kendrick failed to controvert that testimony.

Fourth, Kendrick argues that the district court erred by denying his motion to substitute his appointed counsel with retained counsel. We review for an abuse of discretion, *see Patterson v. State,* 129

Nev. 168, 175-76, 298 P.3d 433, 438 (2013) (holding that "the right to counsel of one's choice is not absolute" and reviewing motions to substitute for an abuse of discretion), and disagree. Kendrick fails to demonstrate that he was "significantly prejudiced" by the denial of his motion to substitute, and he waited until after calendar call—indeed until the first day of trial—to move to substitute his court-appointed counsel. *See id.* at 176, 298 P.3d at 438 (holding that courts must determine whether the defendant is "significantly prejudiced" by a denial of a motion to substitute, or whether such motion "was untimely and would result in a disruption of the orderly processes of justice unreasonable under the circumstances" (quoting *People v. Lara*, 103 Cal. Rptr. 2d 201, 211-12 (Ct. App. 2001) (further internal quotation marks omitted))).

Having considered Kendrick's claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Gibbons

_____, J.        _____, J.
Stiglich                              Silver

cc:    Hon. Michelle Leavitt, District Judge
       Las Vegas Defense Group, LLC
       Attorney General/Las Vegas
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]We reject Kendrick's cumulative error argument, as we have identified only one error. *See McKenna v. State*, 114 Nev. 1044, 1060, 968 P.2d 739, 749 (1998) (concluding that a sole error "does not, by itself, constitute cumulative error").